## N. H. IRON FACTORY COMPANY *versus* JONAS RICHARDSON.

When a person is hired for a year, at a stipulated price, and continues in the same employment afterwards without any new contract, it is to be presumed that both parties understand that the same price is to be continued.

A told B that he would take charge of certain business for $800 a year, but if he should continue in the business more than one year, he should expect $1000 a year, after the first year. To this B replied that he would give $800 for the first year, but would make no pledges for any other year. A took charge of the business, and continued in it two years, without any new contract—it was held that A was entitled only to $800 for the second year.

ASSUMPSIT for money had and received. The cause was tried here at May term, 1830, upon the general issue, and a verdict taken for the defendant, subject to the opinion of the court upon the following case.

The defendant, having been previously in the employment of the plaintiffs, was appointed, and acted as their agent for two years ending on the 1st November, 1828, and as such received sundry sums of money belonging to the plaintiff.

For the first year he received the sum of $800, for his services, and for his services the second year he retained $1000, and this action was brought to recover $200, of the $1000, so retained.

It appeared that the directors of the company, on the 11th March, 1826, voted to employ the defendant at a salary of $700.

On the 30th March, 1826, the defendant submitted to the directors the following conditions upon which he was willing to remain in the service of the company.

"My present salary to continue until I shall take charge of the business. From thence one year for $800 including board. If at the expiration of the first year I have succeeded in the business so far to the satisfaction of the directors as would induce them to continue me, I should expect the usual salary of the agent for the next year. The use of the present agent's house free from expense."

Upon this the directors voted to continue the defendant's salary until he became agent, and to give him as agent for one year $800, with the use of the agent's house, but declined "any pledges for a future term of years." When this vote was communicated to the defendant, he directed Isaac Smith to write to the directors that he would take the agency one year on the terms proposed.

The usual salary of the agent for seven years before the time when the defendant was employed, had been $1000.

*Goodall, Wood* and *J. Parker*, for the plaintiff.

*Bell*, for the defendant.

RICHARDSON, C. J., delivered the opinion of the court.

Where there is a hiring of a person for a year, at a stipulated salary, and the person hired continues in the same employment afterwards without any new contract, the fair presumption is, that both parties understand that the same salary is to be paid. 4 Bing. 309, *Beeston v. Collyer*; 5 ditto 132, *Collins v. Price.*

It is like the case of a tenant holding over after the expiration of his term, without any new agreement, in which case an impliation arises that there is a tacit con-

sent on both sides that the tenant shall hold at the old rent. 5 D. & E. 472 ; 4 Cowen, 349, *Bradley* v. *Covel* ; 15 Johns. 507.

Is there any thing in this case from which the assent of the directors to give the defendant $1000 for the second year, can be fairly inferred ? He told them before he closed the contract for the first year that he should expect $1000 a year after the first year if he continued in the service of the corporation any longer ; but their answer to this was explicitly that they declined all pledges for future terms.

And when he closed the contract to take the agency for one year, not a word was said about the compensation he should expect to receive for any other year. On what ground, then, is it to be presumed that the directors assented to give him $1000 for the second year ? There is nothing except a proposition on his part, to which they expressly refused to assent, on which to ground such a presumption. He told them he would take the charge of their business for one year at a salary of $800, but said that he should expect a larger salary for the next year, if he should succeed to their satisfaction. To this they replied that they would give him $800 for one year, but would give no pledges for any future year. His answer to this was that he would accept the $800 for one year, and he was silent as to a larger sum for another year. This answer must be considered as a complete waiver of his proposition as to his wages for another year, and as leaving the subject to be settled by a future negotiation. But he continued in the employment of the company two years without saying a word more on the subject. What right, then, has he to demand for the second year more than $800 ? There was no contract to give more. There was no encouragement given that he should have more. If he wished an increase of his wages for the second year, he should have applied to the directors and made his contract ac-

cordingly.    And as he did not  do this, he must  be con-
sidered as having assented to receive for the second year
the same compensation as he received the first year.