## JOHN J NICHOLSON, Respondent, *v.* LYMAN W. PATCHIN, Appellant.

Where a hired person continues in employment after the expiration of the contract, and without any new contract, the fair presumption is, that both parties understood that the same salary was to be paid. And it is therefore error, in a suit by the servant, to allow him to recover upon a *quantum meruit.*

APPEAL from the Superior Court of the City of San Francisco.

Assumpsit for services rendered as a clerk for the defendant. The case was referred to Edward Stanly, to report a judgment, who found the facts as stated in the opinion of the Court, and gave judgment for

the plaintiff, who sued on a *quantum meruit*.   The Court refused to set aside the report of the Referee, and defendant appealed.

*Haights & Gary*, for Appellant.

The relation between the parties in this case having commenced under a special contract, at a stipulated rate of wages, the plaintiff cannot recover a greater rate of wages, unless he proves another contract, or an abrogation or waiver of the first.   New Hamp. Iron Factory Co. *v.* Richardson, 5 N. H., 295.   Robson *v.* Godfrey, Holt, 236.   Salisbury *v.* Hall, 12 Pick., 416.   Jordan *v.* Ward, 1 Hy. Bl., 94.

*Peyton* and *Duer*, for Respondent.

Cited no authorities.

MURRAY, C. J., delivered the opinion of the Court.   HEYDENFELDT, J., concurred,

The report of the Referee shows that the defendant employed the plaintiff for one month, for one hundred dollars; that the plaintiff afterwards remained in his service; and that no new contract was made as to the rate of compensation.

The Referee has proceeded on the ground that the plaintiff is entitled to recover upon a *quantum meruit*.   The rule of law applicable in such cases is, that where the person hired continues in employment without any new contract, the fair presumption is, that both parties understood that the same salary is to be paid.   See the N. H. Iron Factory Company *v.* Jonas Richardson, 5 N. H., 295, and the cases there cited.

The Referee having thus mistaken the rule of law applicable to the facts of the case, the judgment is reversed and the cause remanded.