[Civ. No. 1333. First Appellate District.—July 7, 1914.]

## SYDNEY E. MACKEY et al., Appellants, v. FRANK K. MOTT et al., Respondents.

MUNICIPAL CORPORATIONS—PENSIONED POLICE OFFICER—RIGHT OF SURVIVING ADULT CHILDREN TO BENEFITS.—Under subdivision 2 of section 96 of the charter of the city of Oakland, providing that upon the death of a service-pensioned police officer from "causes other than those specified in subdivision 1 of the section after ten years of service, then his widow, and if there be none, then his children, and if there be no widow or children, then his mother, if dependent upon him for support, shall be entitled to the sum of one thousand dollars," the adult children of such a decedent are not entitled to receive the amount named out of the police relief and pension fund. They are not "children" within the meaning of the charter provision.

ID.—PURPOSE OF POLICE PENSION ACT—PERSONS ENTITLED TO ITS BENEFITS.—The term "children," as contained in such charter provision was not intended to be used in the larger sense of sons and daughters. It was not contemplated by the framers of the charter that provision should be made for grown sons and daughters; the purpose of the whole act was to provide for aged and infirm officers and certain necessitous relatives and minor children.

ID.—CHILDREN—MEANING OF TERM—WHETHER INCLUDES ADULTS.—The meaning of the word "children" in its primary significance is generally understood to have reference to minor sons and daughters of a person, and in cases where the word has received a larger and more extended construction, it has been based upon the intention of the law-making power to so extend it. In such cases the construction of the term depends upon the context and surrounding

circumstances. The word when used as expressive of relationship includes sons and daughters of whatever age, but when used in reference to age is confined to minors.

ID.—INTERPRETATION OF STATUTES—PURPOSE OF LEGISLATION.—To arrive at the legislative intent in the interpretation of statutes, the original purpose and object of the legislation must be considered.

APPEAL from an order of the Superior Court of Alameda County sustaining a demurrer to the plaintiffs' amended complaint. W. S. Wells, Judge.

The facts are stated in the opinion of the court.

W. S. Angwin, for Appellants.

Ben F. Woolner, City Attorney, and William H. O'Brien, Deputy City Attorney, for Respondents.

KERRIGAN, J.—This action was brought to obtain a writ of mandate directed against the defendants, constituting the board of directors of the police relief and pension fund of the city of Oakland, requiring defendants to issue to plaintiffs a warrant for the sum of one thousand dollars against the police relief and pension fund of said city. A demurrer to the original complaint was sustained, and upon the filing of an amended complaint a demurrer was again interposed, and sustained by the court. Plaintiffs declined to further amend, and judgment was accordingly rendered in favor of defendants. This appeal is taken from the order of the court sustaining defendants' demurrer to plaintiffs' amended complaint.

The recitals in the amended complaint disclose the following facts:

John S. Mackey was appointed a regular police officer of the city of Oakland on the twentieth day of August, 1883, and was retired and pensioned on October 3, 1903, in accordance with the provisions of section 3 of the act creating a police relief, health, life insurance, and pension fund in the several counties of the state, approved March 4, 1889, and amended 1891 (Stats. 1891, p. 287) and further amended on March 2, 1897 (Stats. 1897, p. 52).

This act, so far as the city of Oakland is concerned, was thereafter superseded by provisions governing the retirement

and pensioning of police officers, contained in a charter adopted by the city of Oakland, and which became the organic law of said city on July 1, 1911. The general provisions of the Police Pension Fund Act of 1889, as enacted into the city charter of Oakland, are found in sections 93, 94, 95, and 96 of that instrument (Stats. 1911, p. 1608).

From the date of his retirement as aforesaid, John S. Mackey drew a pension from said fund until the date of his death, which occurred on the twenty-fifth day of December, 1911, at which time, under the terms of the charter, the pension ceased. At the time of his death he left surviving him as members of his family, two children, plaintiffs herein, both of whom are over the age of majority; and as he left no surviving widow, plaintiffs claim that in accordance with the provisions of section 96 of the charter of the city of Oakland, by reason of the death of their father, they are, as surviving children of said deceased and as members of his family, entitled to receive the sum of one thousand dollars out of the police relief and pension fund of the city of Oakland. The respondents resist this claim; and in support of their contention that the decision of the lower court should be sustained urge: 1. That under the charter of the city of Oakland the family of service-pensioned police officers are not entitled to participate in the police pension fund after the death of such officers; 2. That, even conceding this right to them, the appellants are not children of the deceased police officer within the meaning of subdivision 2, section 96 of the charter of Oakland; and, 3. That a proper construction of subdivision 2 of section 96 of said charter limits its provisions to children under sixteen years of age.

The charter provisions governing the retirement and pensioning of police officers are found in sections 94 and 95 of that act.

Section 94 provides for the retirement of any aged or infirm or disabled member who has arrived at the age of sixty years upon a pension of half his salary, provided he has been an active member of the department for twenty years preceding his retirement, such pension to cease upon his death.

Section 95 provides a similar pension to any member of the department disabled by any bodily injury received in the performance of his duty, the said pension to cease at his death.

Subdivision 1 of section 96 makes provision for the relatives of deceased officers who may be killed in the performance of their duty, and provides as follows:

Paragraph A declares that, should the deceased officer be married, his widow shall, so long as she remains unmarried, be paid a monthly pension equal to one-half of the salary attached to his rank at the time of his death.

Paragraph B under said subdivision provides that, under certain contingencies, "the orphan child or children under the age of 16 years" shall receive a pension, and concludes with the words, "provided that no child shall receive any such pension after attaining the age of 16 years."

Paragraph C of this same subdivision makes provision for pensioning the parent or parents of said officer if they are dependent upon him solely for support, in the event that such pensioner leaves no orphan child or children.

The above paragraphs of subdivision 1 of section 96 it will be noticed, refer to the relief granted in cases where the officer has been killed while in the performance of his duty.

Then follows subdivision 2 of section 96, under which appellants claim, and which reads as follows: "When a member of the department shall die from causes other than those specified in subdivision (1) of this section after ten years of service, then his widow, and if there be none, then his children, and if there be no widow or children, then his mother, if dependent upon him for support, shall be entitled to the sum of one thousand dollars."

To sustain their first contention that, under the charter of the city of Oakland, the family of service-pensioned officers are not entitled to participate in the police pension fund after the death of such officers, respondents have cited the case of *Edwards* v. *Sweigert*, 15 Cal. App. 503, [115 Pac. 256]. In that case the construction of the police pension fund provisions of the city and county of San Francisco (Stats. 1899, chap. X, art. VIII, p. 332) was under consideration. By section 3 of that charter, provision is made for the retirement and pensioning of any member of the department disabled by reason of any bodily injury received in the performance of his duty; the pension "to be paid to him during his life and to cease at his death." Section 6 thereof provides for the pensioning of certain dependent relatives of any member who,

25 Cal. App.—8

after ten years' service, shall die from natural causes, and concludes as follows: ''but the provisions of this section shall not apply to any member of the department who shall have received any pension under the terms of this charter.'' It will thus be seen that the San Francisco charter. in express terms denied the right of a pension to the family of an officer who had received a pension during his life; and it is upon these provisions that the decision in the Edwards case was based. It is true that the charter of the city of Oakland provides that service pensions shall cease at the death of the member, but nowhere is there a provision similar to the one contained in section 6 of the San Francisco charter, denying the family the right to a pension for the reason that the officer had received one during his life.

Here the appellants are not claiming a continuation of the pension received by the officer during his lifetime, but are seeking the benefit provided for under an entirely different section, which makes no reference to the fact as to whether or not the deceased officer had been in his lifetime the recipient of a pension. The only theory upon which the claim of the respondents can be upheld is that the charter of the city of Oakland, in providing, under sections 94 and 95, for the pensions therein specified, has the effect of excluding the members of the family of such officer from the benefits provided for under subdivision 2 of section 96 of the act, and limits this benefit to relatives of such officers who have never received a pension.

This position cannot be maintained. The only purpose of the use of the phrase ''and to cease at his death'' was undoubtedly to restrain some relative from claiming the monthly pension provided for in subdivision 1 of section 96, where the officer was killed in the performance of his duty. (*Edwards v. Sweigert*, 15 Cal. App. 503, [115 Pac. 256].) Irrespective of this conclusion, however, we are of the opinion that appellants are not entitled to the relief demanded, for the reason that they are not children within the meaning of subdivision 2, section 96 of the charter of the city of Oakland. The meaning of the word ''children'' in its primary significance is generally understood to have reference to minor sons and daughters of a person, and in cases where the word has received a larger and more extended construction, it has been based upon the intention of the law-making power to so

extend it. In such cases the construction of the term depends upon the context and surrounding circumstances. Of course the word when used as expressive of relationship includes sons and daughters of whatever age, but when used in reference to age is confined to minors. There are, however, numerous cases where the exact meaning of the word has been questioned, and it has required judicial interpretation to determine in what sense it was used. This uncertainty has arisen in such actions as those prosecuted for the death of a person by wrongful act, under exemptions; statutes against the sale of liquor; poor laws; questions of heirship; adoption proceedings; citizenship; actions for injury to children; questions concerning descent; actions permitting a recovery in cases of homicide; actions by infirm and indigent children; and numerous other actions.

Courts of various jurisdictions are not in entire harmony in the construction to be given to the term when used in the particular character of cases above enumerated. (Words and Phrases, vol. 2, p. 1115, etc.) To arrive at the legislative intent the original purpose and object of the legislation must be considered. The term as contained in the act under consideration, in our opinion, was not intended to be used in the larger sense of sons and daughters, for it was certainly not contemplated by the framers of the charter that provision should be made for grown sons and daughters. Unmistakably the purpose of the whole act was to make provision for aged and infirm officers and certain necessitous relatives and minor children.

To permit adult children to enjoy or participate in a limited fund such as this is inconsistent with the general idea and purposes of its creation. Legislation of this character is designed to protect minors and necessitous dependents, rather than to create a system of benefactions for the advantage of relatives, and such design is indicated by the different provisions of the act, to which we must look for the legislative intent. Sections 94 and 95 of the act make provision for aged, infirm, and disabled members by providing for a pension. Section 96, subdivision 1, provides for relief for the family of an officer killed in the performance of his duty, and as before stated, is as follows: (a) Should the decedent be married, his widow shall, as long as she remains single, be paid a pension equal to one-half of his salary.

(b) Where decedent leaves no widow but leaves an orphan child or children under the age of sixteen years and the widow dies without marrying while such child or children are under the age of sixteen years, such child or children collectively shall receive a pension equal to one-half the salary attached to the decedent's position, provided that no child shall receive any such pension after attaining the age of sixteen years. (c) Where there is no widow or orphan child or children but a parent or parents dependent solely upon decedent for support, they are entitled to a pension during such time as the board shall determine its necessity. And then follows subdivision 2 of section 96, under which appellants claim, which provides that where a member dies from causes other than that specified in subdivision one, section 96, then his widow, and if there be none then his children, and if there be no children then his mother, if dependent upon him for support, shall receive one thousand dollars.

It will be noticed in paragraph B provision is made for an orphan child or children under sixteen years where there is no widow, while in subdivision C, in making provision for dependent parents, and referring expressly to such child or children in the preceding subdivision, the proviso that they shall be under sixteen years of age is omitted. Subdivision 2 of section 96, under which appellants claim, merely refers to this class of relatives as "children." Clearly the meaning that the framers of the charter had in mind was that only minor children under sixteen years of age as indicated in the preceding paragraphs should receive the benefits of the act. This interpretation is the only one that is consistent with the purpose of the act.

The order is affirmed.

Lennon, P. J., and Richards, J., concurred.