[Civ. No. 2760.   Second Appellate District, Division One.—February 6, 1920.]

CITY OF LOS ANGELES (a Municipal Corporation), Respondent, v. WM. H. McKEAG, Jr., et al., Appellants.

[1] MUNICIPAL CORPORATIONS—LOS ANGELES—POLICEMEN'S PENSION FUND—CONSTRUCTION OF ORDINANCE—ALLOWANCE TO CHILDREN.— The provision of section 7 of the ordinance of the city of Los Angeles governing the administration of the "Policemen's Pension Fund" of that city that when any member of the police department dies from natural causes, "then his . . . child or children . . . shall receive from said fund an amount based upon the number of years of service of such person in said department," etc., is to be attended by the same limitation as is contained in the other provisions of such ordinance, which do not permit any allowance or continuation thereof to be made after a child reaches the age of sixteen years.

[2] ID.—JURISDICTION OF COMMISSIONERS—WHEN JUDGMENT OF FINAL. The fact that the police pension commissioners of the city of Los Angeles are vested with exclusive authority over the policemen's pension fund means that their discretion when exercised is final only as to matters and persons confided to their jurisdiction.

APPEAL from a judgment of the Superior Court of Los Angeles County.  Grant Jackson, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Davis, Kemp & Post for Appellants.

Albert Lee Stephens, City Attorney, and Wm. P. Mealey, Deputy City Attorney, for Respondent.

JAMES, J.—This action was brought by the city of Los Angeles to recover the amount of one thousand dollars, alleged to have been improperly and without authority paid to the defendants out of the policemen's pension fund of said city.  Defendants were the sons of W. H. McKeag, Sr., who at the time of his death was a police officer employed by said city, and he had been such police officer for more than ten years prior to his death.  The defendants, at the time of the death of their father, were of adult age.  It was

alleged in the complaint that McKeag, Sr., died from natural causes, "and that the sickness which caused his death was not caused by the discharge of his duties as a member of said police department." In their answer defendants, stating that they had no information or belief sufficient to enable them to answer concerning the cause of the sickness resulting in the death of McKeag, denied "that the sickness which caused his death was not caused by the discharge of his duties as a member of said police department." The answer further set up the charter provisions which authorized the establishment of the police pension fund. Plaintiff gave notice of motion for a judgment on the pleadings, which the court granted and defendants appealed.

Referring first to the charter provisions which are set forth in the answer of defendants, we find there the plan outlined under which the police pension fund was established; also the limitations governing the application of such fund. We quote, in part, subdivision 45 of section 2 of that charter: "To create and maintain, and provide for the disbursement of a policemen's relief, health, life insurance and pension fund, to be used for the payment of pensions to members of the police department of the city who shall be retired from such department; for the payment of pensions to members of such department who shall become physically disabled by reason of bodily injuries received in, or by reason of sickness caused by, the discharge of their duties, and for the payment of pensions to the widows and children of members of such police department who shall have died from bodily injuries received, or sickness or disease contracted in the performance or discharge of their duties. Said fund shall be created, maintained and disbursed in such manner as may be prescribed by ordinance. . . . The disbursement of said 'Policemen's Pension Fund,' as provided for by ordinance, shall be left to the exclusive control, discretion and judgment of a commission of three persons, to be called the 'Policemen's Pension Commission,' the said commission to consist of the chief of police, the health commissioner and the president of the council. Said commission shall make semi-annual reports to the city council of all moneys received and disbursed by them." From an examination of these provisions it must be concluded that the fund when created could only

be used in the furtherance of the purposes therein specified. Those purposes included the payment of pensions to members of the department who should become physically disabled by reason of bodily injuries received in or sickness caused by the discharge of their duties, and for the payment of pensions to widows and children of such members who should die from bodily injuries received or "sickness or disease contracted in the performance or discharge of their duties." For the purpose of carrying out the intent of the charter provisions an ordinance was passed wherein a complete plan for the administration of the fund was provided for and the cases in which allowances might be claimed were enumerated. Among other things, it is provided by section 4 of the ordinance that when a member of the police department shall become disabled by reason of bodily injuries received or sickness caused by the discharge of his duties, such member may be retired and paid a yearly pension, and that if he should die leaving a widow or children, they should participate so long as the widow should remain unmarried or the children be under the age of sixteen years. [1] All of the provisions of the ordinance except those contained in section 7, which will be hereinafter referred to, limit any allowance to children to those who are under the age of sixteen years. By section 7 it is provided that when any member of the police department dies from natural causes, "then his widow, child or children, or his dependent father or mother, if there be no such widow, child or children, shall receive from said fund an amount based upon the number of years of service of such person in said department as fixed in the following schedule to wit." It was evidently under the authority assumed to be given by this provision of the ordinance that the money was paid by the pension commission to defendants. As a matter of construction and viewing the preceding terms of the ordinance, it seems both fair and reasonable that the allowance provided to be made there to the widow, child, or children is to be attended by the same limitation as is contained in the other provisions, which do not permit any allowance or continuation thereof to be made after a child reaches the age of sixteen years, or after the marriage of the widow. In a similar case and where similar provisions governing the disbursement of a police pension fund

were under consideration, the construction which we have indicated was enforced. (*Mackey* v. *Mott,* 25 Cal. App. 110, [142 Pac. 1082].) Under this construction of the provisions of the ordinance before us it matters not whether the illness which caused the death of McKeag was caused by or contracted during the performance of his duties as a member of the police department, and even though we were not to construe the ordinance in its entirety and were considering section 7 alone, the natural construction to be given to the words ''child or children'' would be to consider such provision as applying to minors alone and not to include adults. The determination of the one question just considered necessarily compels an affirmance of the judgment. [2] The fact that the police pension commissioners were vested with exclusive authority over the fund means that their discretion when exercised is final only as to matters and persons confided to their jurisdiction.

It is unnecessary to consider other questions presented affecting the condition of the pleadings relating to alleged issues raised by the answer.

The judgment appealed from is affirmed.

Conrey, P. J., and Shaw, J., concurred.