VICKERS, J. pro tem.
 

 Defendant appeals from the judg ment after conviction of violation of section 101(a) of the Unemployment Insurance Act (Stats. 1935, p. 1226, Act
 
 *Supp. 858
 
 8780d, Deering’s General Laws). The complaint follows the language of the statute and charges in substance that defendant did wilfully and unlawfully make a false statement and representation, and knowingly fail to disclose a material fact for the purpose of obtaining and increasing a benefit and payment to him, under the act in question, in that he certified that he was totally unemployed and partially unemployed and had reported any and all earnings to the Employment Commission for the week ending October 25, 1941.
 

 There was little conflict in the evidence presented. It appears that the defendant left his regular employment in July of 1941, at which time he was receiving a salary of $6,000 per year. He thereafter made many attempts to secure new employment. On October 3, 1941, he opened a clothing business in Inglewood, with his wife and one employee doing the work. The defendant apparently supervised the business and spent from one to five hours each day and most of each evening at the store helping with the trade when necessary. Defendant intended to continue this business permanently but it was financially unsuccessful from the beginning and on December 31, 1941, he closed it, having lost about $1,200 in the venture. Defendant testified that during all of this time he continued his search for work elsewhere, that his presence at the store was not necessary for the running of the business, that he was physically able to work, that he did not refuse an offer of suitable work, and that he truthfully reported all wages that were payable to him for the weeks for which he filed for unemployment insurance benefits. Defendant’s testimony was corroborated to a considerable extent and the People introduced no evidence in rebuttal thereof.
 

 The People introduced in evidence an $18 check drawn on the Department of Employment in favor of the defendant, and cashed by him, and the certificate executed by him as a basis for such payment. This certificate insofar as it is of interest to us reads as follows: “I certify that during the week for which I am now filing a continued claim for unemployment insurance (week ending October 25, 1941) I was unemployed, able to work and available for work, and hereby register for work with the California Department of Employment; I did not refuse an offer of suitable work, and I have truthfully reported below all wages that were or are payable to me for the week I am now filing.” The defendant reported no wages payable.
 

 
 *Supp. 859
 
 The defendant urges that there is no evidence to support any of the implied findings of the court, to wit: That he “wilfully” made a false statement or representation; that any “statement” or “representation” was false; that he failed to disclose a “material fact” for the purpose of obtaining any payment to him. If defendant is correct in such contention, the conviction must be reversed because all of the alleged unlawful acts charged will then be without evidentiary support. The false statements and representations, if any, are contained in the certificate executed by defendant, when he received his weekly check, wherein he declared that he was unemployed, able to work, available for work, had not refused an offer for suitable work and had truthfully reported all wages payable to him for the week in question (none). The implied finding that the defendant failed to disclose a “material fact” depends for support upon the defendant’s part-time self-employment at a financial loss being such a “material fact” as would, if disclosed to the California Unemployment Commission, have justified that body in finding that he was not totally or partially unemployed during the period in question.
 

 The answers to the legal questions raised by this appeal are found in the interpretation of those sections of the Unemployment Insurance Act that apply thereto. In interpreting these sections we are guided by the rules laid down by our Supreme Court in the recent case of
 
 County of Los Angeles
 
 v.
 
 Frisbie,
 
 (Feb. 1942) 19 Cal. (2d) 634 [122 P. (2d) 526], This was a case involving the interpretation of certain sections of the Welfare and Institutions Code and is somewhat comparable to our case since it likewise interpreted remedial statutes. The learned Mr. Justice Curtis, speaking for the court, said (p. 641) : “A statute should always be so construed, if reasonably possible, as to give force and effect to every expression used by the legislature. (Citing
 
 Brainard
 
 v.
 
 Brainard,
 
 17 Cal. App. (2d) 520 [62 P. (2d) 403].) Excepting when clearly otherwise intended or indicated, words in a statute should be given their ordinary meaning and receive a sensible construction in accord with the commonly understood meaning thereof. (Citing
 
 Universal Pictures Corp.
 
 v.
 
 Superior Court,
 
 9 Cal. App. (2d) 490 [50 P. (2d) 500].) Section 13 of the Civil Code provides: ‘Words and phrases are construed according to the context and the approved usage of the language . . .’ ” Again, at page 639, the Supreme Court said:
 
 *Supp. 860
 
 “While the intention of the legislature must be ascertained from the words used to express it, the manifest reason and the obvious design of the law should not be sacrificed to a literal interpretation of such language. (Citing
 
 In re Haines,
 
 195 Cal. 605, 612 [234 Pac. 883].) Hence, in construing a remedial statute, like a law concerning the rendition of charitable aid to indigents and recovery therefor, reason must have its just proportion ...”
 

 In applying the above rules to the sections of the Unemployment Insurance Act involved herein we are of the opinion that, while it was the intention of the Legislature to protect the fund created under the act from chiselers, it was not its intention to put a premium on idleness, nor to discourage citizens out of employment from making early and earnest attempts to reestablish themselves economically to avoid becoming or continuing to be charges on society.
 

 The only sections of the Unemployment Insurance Act which have been referred to by counsel and whose interpretation we believe affects the questions raised by this appeal are sections 6.5, 9.2, 56(b) and 57(c). Section 6.5 reads: “ ‘Employment,’ subject to the other provisions of this act, means service . . . performed for wages or under any contract of hire ...” The word “service,” not being defined in the act, must be given its common meaning, unless the context requires otherwise, which it does not. Merriam-Webster’s New International Dictionary defines “service” as, “The occupation, condition, or status of a servant.—Performance of labor for the benefit of another, or at another’s command;— hired.helper;—• duty done or required. ’ ’ Certainly these definitions do not embrace the activities of the defendant in assisting part time in the running of his own clothing establishment. In addition, the defendant’s services were not performed for “wages” nor did he receive any compensation therefor. Likewise he was not under “any contract for hire,” expressed or implied.
 

 Section 9.2 of the act reads as follows: “An individual shall be deemed ‘unemployed’ in any week during which he performs no services and with respect to which no wages are payable to him, or in any week of less than full-time work if the wages payable to him- with respect to such week are less than his weekly benefit amount. ’ ’ This section does not aid the prosecution because in our opinion the word “services” is used in the same sense as in section 6.5 and does
 
 *Supp. 861
 
 not include defendant’s activities as so self-employed. Further, the evidence discloses that no “wages” or compensation were “payable to him.”
 

 We are therefore of the opinion that during the period in question the defendant was in a class “deemed unemployed” by the Unemployment Insurance Act, and that his self-employment activities did not remove him from such class. Therefore such activities did not constitute a “material fact” the nondisclosure of which constituted a violation of section 101(a) of the act, under which the defendant was convicted.
 

 The false statements and representations, other than ‘ ‘ unemployment,” relied on by the respondent are, as stated above, refusal to accept an offer of suitable work, being able to work and being available for work. The necessity for these statements and representations being truthfully made are set out in sections 56(b) and 57 (e) of the act.
 

 Section 56(b) of the act reads: “An individual is not eligible for benefits for unemployment, and no such benefit shall be payable to him under any of the following conditions:
 

 “(h) If without good cause he has refused to accept suitable employment when offered to him, or failed to apply for suitable employment when notified by the district public employment office.” The People made no effort to prove such “refusal” or “failure” and the defendant’s testimony was to the contrary.
 

 Section 57(c) reads: “An unemployed individual shall be eligible to receive benefits with respect to any week only if the commission finds that:
 

 “(c) He is able to work and available for work.” Again the People made no effort to prove that defendant was not “able to work” (or that the commission so found), and the defendant’s testimony was to the contrary. However, the Attorney General as
 
 amicus curiae
 
 strongly urges that the evidence establishes that defendant was not “available for work.” With this we cannot agree. The only evidence in the record on the subject other than the defendant’s part-time activities was his own testimony, which was somewhat corroborated, to the effect that during all that time (while self-employed) he continued his search for work elsewhere, that his presence at the store was not necessary, that he was physically able to work, that he registered for work with the California Department of Employment, and that he did not refuse an offer of suitable work. In the face of such testimony
 
 *Supp. 862
 
 we find there was no substantial evidence to support the trial court’s implied finding that the defendant was not “available for work” during the period in question.
 

 It thus appears that there was no evidential or legal support for any of the implied findings of the court. The judgment is therefore unsupported by any findings and must be and is hereby reversed. The cause is remanded to the Municipal Court for a new trial.
 

 Bishop, Acting P. J., and Fox, J., concurred.