[Civ. No. 12909. First Dist., Div. Two. May 2, 1946.]

A. OTTEN, Appellant, v. SAN FRANCISCO HOTEL OWN-ERS ASSOCIATION (an Unincorporated Association), et al., Respondents.

Wayne R. Millington for Appellant.

Albert Picard for Respondents.

DOOLING, J.—Plaintiff's assignor is an attorney at law. In 1939 he was retained as the attorney for the defendants pursuant to a resolution adopted by defendants' labor conciliation committee which read in part: "That Mr. Lynch be retained under contract from January 1, 1939 until January 1, 1940, at $250.00 per month and these services include any arbitration that might arise during this period."

After 1939 plaintiff's assignor, without any express agreement, continued to act as defendants' attorney and was paid for his services regularly at the rate of $250 per month until February, 1942, when he was notified that the February payment of $250 was the final payment. Plaintiff's assignor thereupon gave notice in writing to defendants that his contract was on a yearly basis and extended through the year 1942 and that he was holding himself in readiness to render the services called for by his contract for the balance of the year. This tender having been refused the attorney's claim was assigned to plaintiff and this action was commenced in 1943 to recover $2,500 at the rate of $250 per month for the remaining ten months of 1942. Judgment went for defendants and plaintiff appeals.

The sole question presented on appeal is whether by continuing the attorney's employment after 1939, his employment thereafter is presumed to be for the same term specified in the original contract, i. e., by the year.

Appellant relies upon the well settled rule that where a servant after the expiration of the period for which he was first hired has continued to render similar services without explicitly entering into a new agreement, a presumption arises that he was reengaged for the same term and subject to all the conditions of the original contract. (1 Labatt's Master and Servant (2d ed.), ch. VII, p. 707 et seq.; 39 C.J. 49-50; 35 Am.Jur. 460; and cases collected in the notes in L.R.A. 1918C 708 and Ann.Cas. 1918B 1176.)

This rule is one which, so far as an examination of the cases shows, has been limited to the master and servant rela-

tion. It was crystallized into statute law in this state upon the adoption of the codes in 1872 as section 2012 of the Civil Code, reading:

"Where, after the expiration of an agreement respecting the wages and the term of service, the parties continue the relation of master and servant, they are presumed to have renewed the agreement for the same wages and term of service."

In 1937 this section was repealed in the Civil Code and incorporated in the Labor Code as section 3003.

The evidence shows that plaintiff's assignor during the whole period that he was acting as defendants' attorney maintained his separate office in San Francisco where he engaged in the general practice of the law. He was not a servant of the defendants but an independent contractor retained to perform professional services. (*Associated Indem. Corp.* v. *Industrial Acc. Com.,* 56 Cal.App.2d 804 [133 P.2d 698].)

The presumption upon which reliance is placed both in its common law growth and as codified in this state has been applied exclusively to the relation of master and servant.

While it is true, as appellant points out, that the adoption of the codes did not abrogate the common law in California (*Estate of Apple,* 66 Cal. 432 [6 P. 7]; *Estate of Elizalde,* 182 Cal. 427 [188 P. 560]) the adoption of section 2012 Civil Code in 1872 applying the presumption expressly to the relation of master and servant conformed to the rule as theretofore developed in the common law courts (*New Hampshire Iron Factory Co.* v. *Richardson,* 5 N.H. 294; *Wallace* v. *Floyd,* 29 Pa.St. 184 [72 Am.Dec. 620]; *Grover & Baker S. M. Co.* v. *Bulkley,* 48 Ill. 189; *Vail* v. *Jersey Little Falls Manufacturing Co.,* 32 Barb. (N.Y.) 564; *Tatterson* v. *Suffolk Manufacturing Co.,* 106 Mass. 56; *Beeston* v. *Collyer,* 4 Bing. (Eng.) 309) including California (*Nicholson* v. *Patchin,* 5 Cal. 474).

The Civil Code as then enacted contained title VI dealing with the subject of "Service." Section 2012 is found in chapter II, article I of that title under the heading "Master and Servant." No similar section is found in article II which deals with "Agents" or elsewhere in title VI. It is a reasonable inference that the Legislature in enacting section 2012 of the Civil Code intended to codify the common law rule as it

had then been developed and interpreted the decisions as applying the presumption therein declared to the master and servant relation only. We find no authority for extending the presumption to the ordinary case of attorney and client, where the relation of master and servant does not exist.

The judgment is affirmed.

Nourse, P. J., and Goodell, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 27, 1946. Carter, J., voted for a hearing.