LAMBERT, P. J.
Plaintiff brought this action to recover from the defendant the sum of $909 for the reason set forth in the complaint as follows:
“Plaintiff complains of defendants, and for cause of action alleges:
“I
That this action is instituted in behalf of William A. Burkett, Director, Department of Employment and successor to the California Employment Stabilization Commission, by virtue of Chapter 1166, Statutes of 1947; that the headquarters office of the Department of Employment is maintained in the City of Sacramento, County of Sacramento, State of California.
“II
That plaintiff is uninformed of the true names of the defendants Doe I, Doe II and Doe III, and for that reason they are sued herein under said names as fictitious names, and plaintiff prays that when the true names of these defendants are ascertained, they may be inserted herein and in all subsequent proceedings in said action, and that the said action may then proceed against them under their true names.
“Ill
That the defendant, G. B. Miller, Social Security Account No. [ XXX-XX-XXXX ], commencing on or about January 22, 1952, and for forty-one weeks thereafter represented to the said *Supp. 845 Department that the defendant was a person in all respects entitled to the weekly benefits provided for unemployed individuals by the Unemployment Insurance Act; that in reliance upon such representations the said Department, pursuant to the said Act, paid to the defendant during the aforesaid period weekly money benefits in the total sum of $909.00, as is more particularly set forth under the columns number ‘1’ and ‘2’ in the schedule attached hereto marked Exhibit A and by this reference incorporated herein and made a part hereof as though fully set forth; that the defendant accepted the money benefits so paid and converted the same to the defendant’s own use.
“IV
That as to each and every such week for which the aforesaid benefits were paid, the defendant was not entitled to the benefits provided by the Unemployment Insurance Act, the defendant’s representations to the contrary notwithstanding, in that the defendant was subject to disqualification from benefits under Sections 58 (a) (3) and 58 (b) of the said Act (now Sections 1257 and 1260 of the Unemployment Insurance Code) because he had for the purpose of obtaining the said benefits wilfully failed to report a fact material to his eligibility for benefits to wit: that he was engaged in bee-keeping activities; that accordingly the defendant was not entitled to the benefits received and converted by the defendant as hereinbefore set forth or any portion thereof; that in consequence the said benefits were overpaid to the defendant; that by virtue of the provisions of Section 1375 of the Unemployment Insurance Code the defendant is liable for the full amount of benefits overpaid as more particularly set forth under the column numbered ‘3’ in the said Exhibit A.
“V
That on or about July 8, 1953, the said Department mailed to the defendant a notice of assessment of overpaid benefits as required by Section 64 (a) of the Unemployment Insurance Act, (now Section 1376 of the Unemployment Insurance Code) which notice informed the defendant, as permitted by Section 64 (a) of the said Act (now Section 1377 of the Unemployment Insurance Code), filed an appeal for administrative review of the assessment; that the assessment was affirmed on the said appeal and has now become final; that the defendant has made no arrangements to repay the said overpayment of benefits, and no part thereof has been repaid; that the defend *Supp. 846 ant is indebted to the said Department in the sum of $909.00, all of which is due, owing, and unpaid. ’ ’
As and for a Separate, Further and Second Cause against the said defendant, the plaintiff alleges:
“I
Repeats, realleges and reaffirms herein as though fully set forth in Paragraphs I, II, III, and V of the first cause of action.
“II
That as to weeks for which the aforesaid benefits were paid, the defendant was not entitled to the benefits provided by the Unemployment Insurance Act, the defendant’s representations to the contrary notwithstanding, in that the defendant had failed to report to the said Department wages payable to him, which, under Sections 9.2 and 55 of the said Act, (now Sections 1252 and 1279 of the Unemployment Insurance Code) if reported would have reduced or disentitled the defendant from the weekly benefits received; that accordingly the defendant was not entitled to the benefits received and converted by the defendant as hereinbefore set forth or any portion thereof; that in consequence the said benefits were overpaid to the defendant; that by virtue of the provisions of Section 1375 of the Unemployment Insurance Code the defendant is liable for the full amount of the benefits so overpaid.”
As and for a Separate, Furthur and Third Cause of Action against the said defendant, the plaintiff alleges:
“I
Repeats, realleges and reaffirms herein as though fully set forth each and every allegation of the first and second causes of action.
That on the dates aforesaid the defendant became indebted to the said Department at the City of Sacramento, County of Sacramento, State of California in the sums aforesaid for money had and received by the defendant in that the said Department, relying on the aforesaid representations of the defendant, paid the said sums to the defendant as and for unemployment insurance benefits.
“Wherefore, plaintiff prays for judgment against defendant G. B. Miller in the sum of $909.00 with interest at 7 percent thereon from the date of entry of judgment herein in favor of plaintiff, for costs of suit incurred herein, and for such other and further relief as this court may deem meet, just and equitable in the premises.”
*Supp. 847 The defendant answered as follows:
‘ ‘ Comes now the defendant G. B. Miller and for himself and no other defendant by way of answer to plaintiff’s complaint on file herein admits, denies, and alleges as follows, to wit:
“I
Answering Paragraph III of plaintiff’s complaint denies both generally and specifically the allegation beginning on line 12 with the word ‘and’ and ending on line 13 with the word ‘use.’
“II
Answering Paragraph IV of said complaint defendant denies both generally and specifically each, all, and every allegation contained therein.
“Ill
Answering Paragraph V of said complaint denies both generally and specifically each, all,, and every allegation contained therein beginning with the word ‘that’ on line 9 and ending with the word ‘unpaid’ on line 11.”
By Way of Answer to Plaintiff’s Second Cause of Action Defendant Admits, Denies, and Alleges as follows:
“I
Answering Paragraph I refers to defendant’s answer to plaintiff’s first cause of action and by reference incorporates the same in this, his answer to the second cause of action as fully as though- the same were set forth at this place.
“II
Denies both generally and specifically each, all, and every allegation contained in Paragraph II.”
By Way of Answer to Plaintiff’s Third Cause of Action defendant admits, denies, and alleges as follows:
“I
By way of answer to Paragraph I of said cause of action defendant refers to his answer to the First and Second Causes of action of plaintiff’s complaint, and by reference incorporates the same in this his answer to the third cause of action, as fully as though the same were set forth at this place.
“II
Denies both generally and specifically each, all, and every allegation contained in Paragraph II of said cause of action.
*Supp. 848 “Wherefore defendant prays that plaintiff take nothing by its action and that he be hence dismissed with his costs. ’ ’
The municipal court made findings as follows:
“I
That all the allegations contained in Paragraph I of plaintiff’s first cause of action are true:
“II
That the defendant G. B. Miller, Social Security Account No. [ XXX-XX-XXXX ], commencing on or about January 22nd, 1952, and for forty-one (41) weeks thereafter represented, and had a right to represent, to the Department of Employment; that he was a person in all respects entitled to the weekly benefits provided for unemployed individuals by the Unemployment Insurance Act, and that the defendant was such a person; that said Department, pursuant to the said Act, paid to the defendant during the aforesaid period weekly money benefits in the total sum of $909.00; that the defendant accepted, and had a right to accept, the money benefits so paid.
“Ill
That as to each and every week for which unemployment insurance benefits were paid to the defendant, defendant was in all respects entitled thereto.
“IV
That the defendant was not subject to disqualification from benefits under- Section’ 1257 and 1260 of the Unemployment Insurance Act, and that at no time did defendant herein wilfully fail to report a fact material to his eligibility for benefits.
“V
That no unemployment insurance benefits were.overpaid to the defendant.
“VI
That the bee keeping activity engaged in by defendant during the period of time said defendant received unemployment insurance benefits did’ not affect his eligibility for said benefits.
“VII
That each and every allegation contained in Paragraphs III and IV of plaintiff’s first cause of action inconsistent with-the foregoing specific findings is untrue.; -
*Supp. 849 “VIII
That on or about July 8th, 1953, the Department of Employment mailed to the defendant a notice of assessment of overpaid benefits as required by Section 64-A of the Unemployment Insurance Act, (now Section 1376 of the Unemployment Code), which notice informed the defendant that prompt arrangements must be made to repay the said benefits; that the defendant, as permitted by Section 64-A of the said Act, filed an appeal for administrative review of the assessment; that the assessment was affirmed on appeal and has now become final; that the defendant has made no arrangements to repay to the Department of Employment benefits so received by him, and that defendant had a right to make no arrangements in respect thereto, and that no part thereof has been repaid; that defendant is not indebted to the said Department in the sum of $909.00, or in any sum, or at all, and no sum remains due, owing, or unpaid to the Department of Employment by the defendant.
“IX
That the allegations contained in Paragraphs I and II of plaintiff’s second cause of action, and the allegations contained in Paragraphs I and II of plaintiff’s third cause of action, inconsistent with these Findings are untrue.
“X
That as to weeks for which unemployment insurance benefits were paid to defendant during 1952, said defendant had no wages paid to him which he failed to report to the Department of Employment, and that during said time defendant had no income as a result of his bee keeping activity; that as to weeks for which unemployment insurance benefits were paid to defendant during the year 1953, said defendant had no wages paid to him which he failed to report to the Department of Employment, and that defendant had no income from his beekeeping activity during the aforesaid period save and except the sum of $108.00 paid to said defendant during the week ending May 28th, 1953; that said money did not constitute wages; that defendant did not wilfully fail to report receipt of said money to the Department of Employment.
“Conclusions of Law
Prom the foregoing Pacts the Court concludes:
1. That defendant is not indebted to plaintiff in the sum of $909.00, or in any sum, or at all;
*Supp. 850 2. That defendant is entitled to judgment for his costs and disbursements incurred and expended herein.
Let Judgment Be Entered Accordingly.
Dated this 29 day of Feb., 1956.”
The court then entered judgment for the defendant. The appellant appeals and as grounds of appeal, the appellant claims first that the defendant was not available for work as required by law. Second, by reason of his engaging in a part-time beehive business and selling some honey and probably making a little profit and wilfully misrepresenting or suppressing these facts as to his income. Also, something is claimed about the defendant being, an independent contractor. We will dispose of this matter first because we do not think by any stretch of interpretation he could have been an independent contractor. See syllabus, R. W. Riskin v. Industrial Acc. Com., 23 Cal.2d 248 [144 P.2d 16]. “An independent contractor is one who renders service in the course of an independent employment or occupation, following his employer’s desires only in the result of the work and not the means whereby it is to be accomplished, whereas the relationship of employer and employee exists whenever the employer retains the right to control or direct how the work shall be done as well as the result to be accomplished.”
It is elementary that evidence must support the findings and that the findings must support the judgment. In this ease as the facts have shown by the findings there is practically no conflict in the evidence. The defendant did engage in the part-time bee business. However, the court found that notwithstanding that he was available for work as required by law. In deciding whether the evidence supports the findings we can only consider the evidence most favorable to the findings together with every inference to be reasonably drawn therefrom. As Mr. Justice Me Comb stated in Marson v. Rand, 107 Cal.App.2d 466 [237 P.2d 18], “It is not the province of a reviewing court to present, by way of opinion, a detailed argument on the sufficiency of the evidence to support the judgment. ’ ’ A reviewing court will- not hold unsupported the trial court’s findings merely because it might reasonably draw different inferences from those the trial court reasonably drew. The question in this case, at least on this branch, is factual. There is evidence argued, at length here by the appellant, that would have supported contrary findings, but we may not review the find *Supp. 851 ings of the trial court and substitute findings of our own even though we might arrive at a different conclusion, the trial court having found the evidence to weigh more heavily against the plaintiff. See Murphy v. Ablow, 123 Cal.App.2d 853 [268 P.2d 80].
Again in the Estate of Bristol, 23 Cal.2d 221 [143 P.2d 689], we find the following: “Estate of Barr (1924), 69 Cal.App. 16, 33 [230 P. 181]. The rule as to our province is: ‘In reviewing the evidence ... all conflicts must be resolved in favor of the respondent, and all legitimate and reasonable inferences indulged in to uphold the verdict if possible. It is an elementary . . . principle of law, that when a verdict is attacked as being unsupported, the power of the appellate court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will support the conclusion reached by the jury. When two or more inferences can be reasonably deduced from the facts, the reviewing court is without power to substitute its deductions for those of the trial court. ’ Crawford v. Southern Pac. Co. (1935), 3 Cal.2d 427, 429 [45 P.2d 183], The rule quoted is as applicable in reviewing the findings of a judge as it is when considering a jury’s verdict. The critical word in the definition is ‘substantial’; it is a door which can lead as readily to abuse as to practical or enlightened justice. It is common knowledge among judges and lawyers that many cases are determined to the entire satisfaction of trial judges or juries on their factual issues, by evidence which is overwhelming in its persuasiveness but which may appear relatively unsubstantial—if it can be reflected at all—in a phonographic record. Appellate courts, therefore, if there be any reasonable doubt as to the sufficiency of the evidence to sustain a finding, should resolve that doubt in favor of the finding; and in searching the record and exploring the inferences which may arise from what is found there, to discover whether such doubt or conflict exists, the court should be realistic and practical.”
Under the rule of law above quoted we cannot. hold that any material finding in this case is unsupported by the evidence. The appellant here makes a. long argument on the effect of the amendment to the statute after the decision in the Nest case. People v. Nest (1942), 53 Cal.App.2d Supp. 856 [128 P.2d 444]; to section 9.2 there was added other legislation effective in 1949, the following significant amendment: “For the purpose of this section only, the term ‘wages’ in- *Supp. 852 eludes any and all compensation for personal services whether performed as an employee or as an independent contractor.” We have here held that the defendant was not an independent contractor, and the evidence certainly shows that he was not an employee. He was employed by himself, but there is nothing in this amendment that would prevent him from being self-employed if he were likewise available for work.
Appellant argues there is a loophole in the law, and this may very well be, but it is not the province of the court to legislate. If the Legislature wants to require a self-employed individual to report his earnings, that is a very simple matter for the Legislature to cover. The rules of interpretation as to statutes are well-known and are set forth in the Code of Civil Procedure, sections 1858 to 1860, inclusive. In other words, it is not the court’s province to put in something that isn’t in the statute or to take out something that is there.
“Where a statute enumerates the persons or things to be affected by its provisions, there is an implied exclusion of others.” McGahey v. Forrest, 109 Cal. 63 [41 P. 817] and People v. Boyle, 13 Cal.App. 611 [110 P. 458], Mackey v. Mott, 25 Cal.App. 110 [142 P. 1082], these cases and others are cited in the case of In re Haines, 195 Cal. 605 [234 P. 883].
And as to the defendant wilfully omitting to report his income from the bee business we think that this charge must fall because under the facts of this case, the court having found that he was available for work under the law, it wasn’t material that he report his earnings from the bee business or mention the bee business. The questions that a person applying for unemployment insurance must answer can’t be any broader than the statute that provides for unemployment insurance. We have not discussed the evidence at length because it would serve no useful purpose. We have set out the pleadings and findings and there is no conflict in the facts, but only the inferences to be drawn therefrom, which is the province of the trial court.
The judgment is affirmed.
Bradshaw, J., and Main, J., concurred.