[Civ. No. 38590. First Dist., Div. Three. Dec. 1, 1976.]

THOMAS S. WORTHINGTON, Plaintiff and Appellant, v.
UNEMPLOYMENT INSURANCE APPEALS
BOARD et al., Defendants and Respondents.

## Counsel

Thomas S. Worthington, in pro. per., for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, Harold W. Teasdale and Eleanor Nisperos, Deputy Attorneys General, for Defendants and Respondents.

## Opinion

**DEVINE, J.\***—This is an appeal from a judgment in an administrative mandamus proceeding under section 1094.5 of the Code of Civil Procedure, in which the trial judge, having exercised his independent judgment on the evidence, sustained a decision of the California Unemployment Insurance Appeals Board. By the board's decision, which adopts the referee's statement of facts and reasons for decision, appellant herein was held liable for overpayment of unemployment benefits in the amount of $835.

Appellant, a young lawyer, who had been employed by a law firm, was separated from his situation on May 29, 1971, for reasons which would not disqualify him for unemployment insurance benefits. He applied for and received benefits. But he had commenced to practice law by himself,

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

and demand was made upon him by the California Employment Development Department to disclose his earnings; he did so under protest, contending as he does on this appeal that section 1252 of the Unemployment Insurance Code, which defines unemployed persons, and section 1279 of that code, in its reference to wages which will preclude or diminish unemployment benefits, do not apply to income gained from self-employment. In both sections, there is this language: "the term 'wages' includes any and all compensation for personal services whether performed as an employee or as an independent contractor."

Neither the appeals board's decision (the referee's as adopted) nor the superior court's judgment refers to appellant specifically as being an employee or an independent contractor; both refer to earnings from "self-employment" as coming within the statutory definition of wages. Appellant contends that a person who employs himself is one of a class not covered by the statutory description; he is neither employee nor independent contractor.

We decide that appellant was an independent contractor. In the practice of his profession, necessarily he made agreements with clients for compensation, whether these compacts were express or implied, for outright or for contingent remuneration. He was not subject to his client's direction as to the manner of performing his tasks, but in the nature of things he was expected to use his skills to produce results whether these were recoveries of money, the supplying of advice, the drafting of instruments or whatever product of the lawyer's expertise each client may have contracted for. Actually, a substantial part of his practice was by arrangement with a collection agency.

Although a lawyer rightly regards himself or herself as engaging in a calling differing from many occupations in the field of commerce, and as being a member of a profession which demands adherence to the high standards of professional ethics, and as being a fiduciary of the highest order, nevertheless (absent court appointment) he or she is a party to a contract with each client—a contract which he or she may call upon the law to enforce. The concept of the lawyer as an independent contractor has been recognized in respect of the nonrenewal of the relationship of master and servant under the statutes then in effect, (*Otten* v. *San Francisco Hotel etc. Assn.*, 74 Cal.App.2d 341 [168 P.2d 739], and in

respect of worker's compensation, *Associated Indem. Corp.* v. *Ind. Acc. Com.*, 56 Cal.App.2d 804 [133 P.2d 698]).

But if the concept of the sole practitioner of the law as an independent contractor were not acceptable, we should nevertheless hold section 1279 effective to affirm the judgment. ■ The section says that " 'wages' includes *any and all* compensation for personal services" (and surely a lawyer's are of the very essence of personal services), then goes on to express indifference "whether performed as an employee or as an independent contractor." (Italics added.) The general expression we deem not to be limited by the description of two common positions of persons engaged by others. "The word 'whether,' neither in common parlance nor in legal phraseology, has ever had the force of a videlicet." (94 C.J.S. 611, 612.) A videlicet is a device commonly used for the purpose of restraining the generality of the preceding term. (92 C.J.S. 1008, 1009.)

We do not regard it proper interpretation of the statute to apply the *expressio unius* maxim which, after all, is "often a valuable servant, but a dangerous master." (See *Ford* v. *United States*, 273 U.S. 593, 612 [71 L.Ed. 793, 802, 47 S.Ct. 531].) The maxim has been held inapplicable in many California cases. (Gaylord, *An Approach to Statutory Construction*, 5 Sw.U.L.Rev., 349, 399.) The maxim must yield to the intention of the Legislature, not only as expressed in the embracing "any and all" expression, but also as deduced from common sense reading of the statute. Why should recoupment of overpayment of unemployment insurance benefits be provided against a lawyer part-time salaried by a law firm and not be made available against the lawyer who contracts his services to his own clients? The maxim does not apply "where no reason exists why persons or things other than those enumerated should not be included, and manifest injustice would follow by not including them." (*People* v. *Rojas*, 15 Cal.3d 540, 551 [125 Cal.Rptr. 357, 542 P.2d 229]; *People* v. *Hacker Emporium, Inc.*, 15 Cal.App.3d 474, 477 [93 Cal.Rptr. 132].) It would be a manifest injustice to treat the two persons described above unequally.

In 1950, the Attorney General issued his opinion that under then section 55 of the Unemployment Insurance Act, now section 1279 of the Code, "wages" which must be counted as earned must include the net income of the business of a self-employed claimant. (15 Ops.Cal.Atty. Gen. 311, 314-315.) ■ Opinions of the Attorney General are entitled

to great weight. (*Kimball* v. *County of Santa Clara,* 24 Cal.App.3d 780 [101 Cal.Rptr. 353]; *Noroian* v. *Department of Administration,* 11 Cal.App.3d 651, 655 [89 Cal.Rptr. 889]; *Cal. State Employees Assn.* v. *Trustees of Cal. State Colleges,* 237 Cal.App.2d 530 [47 Cal.Rptr. 73]; *Meyer* v. *Board of Trustees,* 195 Cal.App.2d 420, 431 [15 Cal.Rptr. 717]; *Smith* v. *Municipal Court,* 167 Cal.App.2d 534, 539 [334 P.2d 931]; *California Grape etc. League* v. *Industrial Welfare Com.,* 268 Cal.App.2d 692 [74 Cal.Rptr. 313].)

The California Employment Development Department has consistently acted in accordance with the opinion of the Attorney General (Benefit Determination Guide, Total and Partial Unemployment, § 415.05) as has the Appeals Board. ▇ The construction of a statute by the officials charged with its administration must be given great weight. (*Coca-Cola Co.* v. *State Bd. of Equalization,* 25 Cal.2d 918, 921 [156 P.2d 1]; *Michels* v. *Watson,* 229 Cal.App.2d 404, 409 [40 Cal.Rptr. 464]; *D'Amico* v. *Board of Medical Examiners,* 6 Cal.App.3d 716, 724 [86 Cal.Rptr. 245].)

Appellant places much reliance on the decision in *People* v. *Miller,* 143 Cal.App.2d Supp. 843 [300 P.2d 760], which, applying the *exclusio unius* rule, holds that the term "wages" under section 1279 of the Unemployment Insurance Code does not apply to compensation of one who is not an employee or an independent contractor but is self-employed. The decision is of the Appellate Department of the Superior Court in Kern County. Although the appellate departments perform invaluable service, and although their published opinions are often cited, as are decisions from other states and law review articles, the opinions "are not, of course, binding on either of the higher reviewing courts, and they have not been regarded as controlling in the Appellate Department." (6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 671, p. 4584.) It is to be observed that at the time of the decision in *Miller,* decisions of appellate departments were not subject to appellate review. (*Auto Equity Sales, Inc.* v. *Superior Court,* 57 Cal.2d 450, 456 [20 Cal.Rptr. 321, 369 P.2d 937].) It is further noted that the opinion of the Attorney General is not cited in *Miller* and possibly was not called to the attention of the court. The department charged with administration of the Unemployment Insurance Code throughout the entire state was not obliged to follow the *Miller* decision of the superior court, even of its appellate department of a single county, but was free to accept the ruling of the Attorney General.

█ We hold, as stated above, that appellant was an independent contractor, but we also hold that if his status were not that of independent contractor or employee but that of self-employer, his compensation, since it was for personal services, constituted wages within the meaning of section 1279.

█ Finally, appellant argues that recoupment should not be imposed because of Unemployment Insurance Code section 1375 which precludes recovery if this "would be against equity and good conscience." The trial court decided that repayment was not against equity and good conscience because this was not a case of mere overpayment but of duplication of benefits, appellant having received wages for the same period during which he received benefit payments. This factor of duplication is a legitimate one for consideration under the "equity and good conscience" standard. (*Gilles* v. *Department of Human Resources Development,* 11 Cal.3d 313, 323 [113 Cal.Rptr. 374, 521 P.2d 110].) In addition, we note that appellant does not contend that repayment would cause undue hardship as of the date of the judgment in 1975.

The judgment is affirmed.

Scott, Acting P. J., and Emerson, J.,* concurred.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.