## VAHLSING v. HARRELL.
### No. 12827.

United States Court of Appeals
Fifth Circuit.

Dec. 21, 1949.

Rehearing Denied Jan. 24, 1950.

Ronald Smallwood, San Antonio, Tex., for appellant.

Orrin W. Johnson, Harlingen, Tex., for appellee.

Before HUTCHESON, WALLER, and RUSSELL, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit was for a judgment declaring that plaintiff had a right to have and maintain a suction pipe under, and to draw water therewith for irrigation from a drainage ditch on, defendant's land.

The claim was: (1) that the drainage ditch was on defendant's land

under a valid easement granted the LaFeria Water Control and Improvement District, Cameron County No. 3, hereafter called "The District" by plaintiff's predecessor in title; (2) that the drainage easement, included the right to construct, have, and maintain suction pipes across such easement and into said ditch for the removal therefrom of water for irrigation therefrom; and (3) that The District, having the right to permit appellant to maintain its suction pipe across the easement and into the drainage ditch, had given plaintiff permission to do so.

The defendant denied these claims and, in its turn, sought a judgment declaring: (1) that the District did not have, and, therefore, could not grant to plaintiff the right to construct, have, or maintain the disputed suction pipe without defendant's consent; (2) that defendant was a bona fide purchaser, without notice of plaintiff's alleged rights, and was not bound by them; and (3) that plaintiff was estopped to deny defendant's title to the land in question because plaintiff had in two leasing agreements upon valuable consideration recognized defendant's superior title to such portion of land and the right to grant or withhold from plaintiff the right to maintain the suction pipe.

A jury having been demanded and allowed, the case proceeded to trial and the taking of evidence,[1] consisting mainly of agreed facts, concluded, both plaintiff and defendant moved for a directed verdict.

Plaintiff's motion was based on the ground that the existence of the claimed

---

1. Vahlsing's land (hereinafter called "the Vahlsing Tract") lies east of and contiguous with the Marion-Morrison tract belonging to Harrell (hereinafter called "the Harrell tract"). Harrell also owned a tract lying South of the Vahlsing tract called the "Dunlap tract". In 1934 one Amthor, engineer for the District, wrote a letter to Harrell's predecessor in title, the Fort Worth National Co., stating that there was an urgent need for drainage in the area and requesting a contract or an easement deed for drainage right of way, setting further conditions of user to a narrow strip of land of some 11.97 acres lying generally along, but inside of the East boundary line of the Harrell tract. The suggested drain ditch right of way was to be 66 to 76 feet in width, and the East line thereof was contiguous with the East line of the Harrell tract. A reply was received stating:

"Referring to your letter addressed to Mr. C. E. Stuart with reference to the drainage ditch your district wish to construct across and down our property, this is to advise that we will accept your proposition as outlined in your letter."

These were the only instruments executed in reference to the alleged right of way, and they were not recorded, nor did the Harrells actually know of the letters until after they acquired title to the Harrell tract in 1944. They, however, saw the drainage ditch and knew the suction pipe led into it and made some inquiry which they testified led them to the conclusion that the ditch and pipe were not there of right. They did not, however, make inquiry of either the District, or of Vahlsing, or of Fort Worth Co., their vendor and the grantor of the easement.

No easement deed or contract setting forth conditions was subsequently executed, and it was the practice of the District in 1934 to construct ditches without consent of nonresident owners, if unnecessary. In 1935 a ditch was constructed within the metes and bounds described in Amthor's letter, the drain ditch itself being entirely within the lands belonging to Harrell. The District never thereafter maintained a suction pipe anywhere along its alleged right of way, and the only machinery used by it on the right of way was a drag line used to maintain and repair the drain ditch. In 1939, Vahlsing's farm tenant, F. H. Vahlsing, Inc., a Texas Corporation (hereafter called "the corporation") laid a suction pipe, buried below plow depth, on the East side of Harrell tract, the pipe extending from the Vahlsing tract to the drain ditch. The corporation subsequently drew water from the ditch for irrigation of the Vahlsing tract, having the consent of the District to do so and paying the latter for the water. In July of 1945, the Vahlsing Corporation, through its authorized farm manager, entered into a leasing contract with Harrell in which the corporation became entitled to use the land on which the pipe was situated for one year for the purpose of maintaining such pipe, the Lessee agreeing to remove therefrom at the end of the year. This contract was extended for one year, and was not thereafter renewed.

easement and defendant's knowledge of it were established as matter of law, and a verdict for plaintiff on both issues was demanded.

The defendant's grounds were: (1) that, as matter of law, the evidence wholly failed to establish the existence of the easement claimed by plaintiff; and (2) that if such an easement existed and, though it was not recorded, defendant was put upon inquiry as to it, he had made all the inquiry required of a reasonably prudent person and was a bona fide purchaser without knowledge of it.

The district judge, reserving the motions for later determination, submitted to the jury one question for their answer: "Do you find from a preponderance of the evidence that the defendants did not make such inquiry as to the permissive use, if any, of the plaintiff Vahlsing of the drain ditch upon and the pipe under the land in question as an ordinarily prudent person would make under the same or similar circumstances before they, the Harrells, purchased the land in 1944"? and the jury answered it: "They did make such inquiry." Whereupon the district judge entered a judgment which, reciting that he had reserved for later determination the legal questions raised by the motions for directed verdicts, setting out the verdict of the jury, and declaring that he was of the opinion that the defendant is entitled to the relief he demands, declared, adjudicated, and decreed that plaintiff "is without the right, with or without the permission of the La Feria Water Control and Improvement District, Cameron County #3, to construct, have, or maintain a suction pipe under or across the land in question, belonging to defendant, for the purpose of obtaining water from the drainage ditch or to other purposes, unless the plaintiff first lawfully obtains, and has, the consent of the defendant to so construct, have, or maintain such pipe upon said land".

Appellant, urging upon us that the evidence demanded a verdict in his favor on the issue submitted to the jury, is here insisting that the judgment must be reversed and here rendered in his favor.

Appellee, on his part, urges upon us that his motion for a directed verdict should have been granted without regard to the issue submitted to the jury, for that plaintiff wholly failed to show any right in the District or in plaintiff to maintain the suction pipe and draw water for irrigation from the ditch.

We agree with appellant that, by what he saw on the ground, Harrell was charged with full knowledge of all that inquiry of the District or of Vahlsing would have shown, and, not having made an inquiry of them, he cannot claim to be an innocent purchaser of the land without knowledge of valid existing easements thereon.

We agree with appellee, though: that, while the evidence does show that the District had an easement for drainage, it shows, also, that it had none for the maintenance of the suction pipe; that since Vahlsing's rights were derived from the District, Vahlsing had none; and that a verdict for defendant should have been directed.

No deed of conveyance or other similar instrument was executed by the Company, the owners of the land, to the District. The letters which passed between them are sufficient to support a claim only to an easement for drainage. Nowhere in the course of Amthor's long letter was there request for an easement or mention of any use except for drainage. There was certainly no request for the right to give other persons access to the drainage district by suction pipes entering and using defendant's land and the drainage ditch on it for irrigation purposes. No claim is made to an easement by user or by prescription, but only by grant, and it is settled law that an easement, like any other grant, will be confined to its terms.[2]

The judgment was right. It is

Affirmed.

2. 17 Am.Jur., Easements, Sec. 97.