CENTRAL AMUSEMENT COMPANY, Inc.,
a Corporation, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 1753.

Municipal Court of Appeals for the
District of Columbia.

Argued Feb. 27, 1956.

Decided April 3, 1956.

Petition for Allowance of Appeal
Denied May 18, 1956.

H. Clifford Allder, Washington, D. C.,
with whom Charles E. Ford, Washington,
D. C., was on the brief, for appellant.

Hubert B. Pair, Asst. Corp. Counsel, with whom Vernon E. West, Corp. Counsel, Chester H. Gray, Principal Asst. Corp. Counsel, and Milton D. Korman, Asst. Corp. Counsel, were on the brief, for appellee.

Phineas Indritz, Washington, D. C., filed a brief on behalf of American Veterans Committee, as amicus curiae, urging affirmance.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate judge.

Appellant, who conducts a public bowling alley business, was convicted of denying admission for the use of the alleys to certain persons of the Negro race. The prosecution was brought under an Act of the Corporation of the City of Washington, approved June 10, 1869, as amended by an Act of said City approved March 7, 1870, which provided:

"Be it enacted by the Board of Aldermen and Board of Common Council of the City of Washington, That from and after the passage of this act it shall not be lawful for any person or persons who shall have obtained a license from this Corporation for the purpose of giving a lecture, concert, exhibition, circus performance, theatrical entertainment, or for conducting a place of public amusement of any kind, to make any distinction on account of race or color, as regards the admission of persons to any part of the hall or audience-room where such lecture, concert, exhibition, or other entertainment may be given: Provided, That any person applying shall pay the regular price charged for admission to such part of the house as he or she may wish to occupy, and shall conduct himself or herself in an orderly and peaceable manner, while on the premises; and any person or persons offending herein shall forfeit and pay to this Corporation for each offense a fine of not less than ten nor more than twenty dollars, to be collected and applied as are other fines." (The amendment of 1870 provided that the penalty be not less than fifty dollars.)

Appellant does not question the authority of the Corporation to enact the regulation,[1] or the validity thereof when enacted, or that it remains in force and effect. However appellant urges three reasons why its conviction should not stand.

■■■ First, it is contended that the regulation by its express words applies only to "any person or persons," and that appellant is a corporation and not a person. Statutory use of the word persons to include corporations is so general that to hold corporations are not included requires clear proof of legislative intent to exclude them.[2] In view of the nature of the regulation it seems clear that it was intended to and does apply to corporations as well as natural persons.

■■ The second contention is that appellant does not have a license for a place of amusement. The argument is that appellant has a license to conduct a bowling alley and that bowling is a recreation and not an amusement. Again bearing in mind the purpose of the regulation, we think "a place of public amusement of any kind" is broad enough to include bowling alleys.[3]

The third contention is that the regulation is discriminatory. The argument is that the body enacting the regulation had legislative authority only over the old City of Washington which now constitutes but

1. While officially referred to as an Act we use the term regulation, as it appears to be a regulatory measure in the nature of a police regulation. See District of Columbia v. John R. Thompson Co., 346 U.S. 100, 73 S.Ct. 1007, 97 L.Ed. 1480.

2. 13 Am.Jur., Corporations, § 11; 18 C.J.S., Corporations, § 8; Fletcher, Cyclopedia Corporations, Permanent Ed., § 7.

3. Amos v. Prom, Inc., D.C.N.D.Iowa, 117 F.Supp. 615.

a part of the District of Columbia; that although the laws and regulations of the City of Washington were extended to cover that territory formerly composing the City of Georgetown,[4] such laws and regulations were never extended to the territory formerly composing the County of Washington; and that as a result the regulation is discriminatory in that it applies to appellant and others conducting places of amusement in a part of the District of Columbia, but does not apply to those conducting like businesses in another part of the District.[5]

■ The Fourteenth Amendment, with its guaranty of "equal protection of the laws", does not apply to the District of Columbia,[6] but the Fifth Amendment as applied to the District implies, at least to some extent, equal protection of the law,[7] and discrimination may be so unjustifiable as to violate due process.[8]

■ It must be noted that appellant makes no claim that the regulation, if applied to it, will cause it any loss of business or will operate to the advantage of its competitors to whom the regulation is inapplicable. Appellant's complaint is not

with the regulation itself but with its failure to operate in all parts of the District of Columbia. "Territorial uniformity is not a constitutional requisite."[9] Here the regulation operates uniformly on all those engaged in the same business within a certain portion of the District. When Congress abolished the City of Georgetown and extended the general laws, ordinances and regulations of the City of Washington to that part of the District formerly known as the City of Georgetown, it did not see fit to extend them to that part of the District formerly known as the County of Washington, and no legislative body has since then seen fit to extend them. While it is common knowledge that the portion of the District formerly known as the county no longer differs greatly from those portions formerly included in the cities of Washington and Georgetown, we are unable to say that the regulation under consideration because restricted to a part of the District is so unjustifiable as to be a violation of due process.

Affirmed.

4. Code 1951, 1–107.

5. At argument, but not in its brief, appellee stated that it does not concede that the regulation is not applicable to the entire District. The case, however, has been presented and argued on the basis that the regulation is restricted to only a portion of the District of Columbia. It may be noted that the *amicus curiae*, who urges affirmance, filed as the major portion of its brief an article in Volume 42, No. 2, of the Georgetown Law Journal, entitled "Post Civil War Ordinances," wherein it is stated, at pages 202–203: "It therefore appears that the 1869 and 1870 ordinances are at present applicable

only to those portions of the District of Columbia as are embraced within the areas of the cities of Washington and Georgetown and do not apply to the area of the District lying outside those cities."

6. Neild v. District of Columbia, 71 App. D.C. 306, 110 F.2d 246.

7. Hamilton National Bank of Washington v. District of Columbia, 85 U.S.App.D.C. 109, 176 F.2d 624.

8. Bolling v. Sharpe, 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884.

9. Salsburg v. State of Maryland, 346 U.S. 545, 74 S.Ct. 280, 284, 98 L.Ed. 281.