THE STATE OF DELAWARE, on relation of Phoebe Elizabeth Milby, Plaintiff, v. SARA F. GIBSON, KATHARINE D. MACAW, ADA E. MORATTI, LILLIAN G. RILEY, and E. REEVES MARVEL, being members of the State Board of Examiners of Graduate Nurses, Defendants.

(*April* 22, 1958.)

STOREY, J., sitting.

*F. Alton Tybout* for the Plaintiff.

*Wilfred J. Smith,* Deputy Attorney-General, for the Defendants.

Superior Court for New Castle County, No. 329, Civil Action, 1957.

STOREY, J.:

The above matter comes before this Court on a motion by the plaintiff for summary judgment filed in an action for writ of mandamus to require the State Board of Examiners of Graduate Nurses to consider recommendations from hospitals in determining whether the applicant for a license as a practical nurse has been "endorsed by two persons who shall have employed the applicant in the capacity of a practical nurse within the two years preceding the filing of the application," pursuant to Title 24, *Delaware Code,* 1953, Section 1923. Motion granted.

Defendants admit that this is a proper case for mandamus if the statute in question should be construed as the plaintiff

contends, and that the sole question involves the proper interpretation of Title 24, *Delaware Code*, 1953, Section 1923.

Section 1923 aforesaid provides, *inter alia*, as follows:

"* * * Each such applicant for registration without examination, as hereinabove provided, must be favorably endorsed by two physicians licensed to practice in this State, who shall have personal knowledge of the applicant's experience and ability as a practical nurse, and, *must be endorsed by two persons who shall have employed the applicant in the capacity of a practical nurse within the two years preceding the filing of the application.*" (Emphasis supplied.)

Section 1920 (b) of said Title 24, *Delaware Code*, 1953, defines practical nursing as follows:

" 'Practice of practical nursing' applies to those who perform such duties as are required in the physical care of a patient and in the carrying out of such medical orders as are prescribed by a licensed physician requiring a knowledge of simple nursing procedures, but not requiring the professional knowledge and skills required of a professional registered nurse."

Title 1 of *Delaware Code*, 1953, Section 302, provides, *inter alia*, as follows:

"In the construction of this Code and of all other statutes of this State, unless the context requires a different meaning * * * *'person'* and 'whoever' respectively include corporations, companies, associations, firms, partnerships, societies and joint stock companies, as well as individuals;" (Emphasis supplied.)

The facts are not in dispute, and reference is made only to such of the facts as are relevant to the issue under consideration.

In Mr. Christie's letter of November 12, 1956, on behalf of the applicant, he stated, among other things, the following:

"In any case, under the requirements as you explained them to me, the patient references given may be inadequate. In view

of this, I request that her application be amended by striking out the patient references given and substitute the following references:

"1. Riverside Hospital, Clifton Park Drive, Wilm., Del.

"2. Wilmington General Hospital, Chestnut and Broom Streets, Wilmington, Delaware. * * *""

"The above hospitals have employed the applicant within the two years preceding the filing of the application, as amended, as required by Section 1923."

"Mrs. Milby has been employed at Wilmington General since September of this year * * *."

"If for any reason the above references cannot be substituted for the references originally given, please notify me at once so that I may file a new application before the deadline."

On November 15, 1956, Mr. Christie was advised by letter signed by Sara F. Gibson, as follows:

"Re: Phoebe Elizabeth Milby—This office is in receipt of your recent letter. It will not be necessary for the above client to file another application for practical nurses licensure."

In view of the above referred to correspondence, I take it that defects, if any, in the formal application of Mrs. Milby had been waived by the Board of Examiners of Graduate Nurses as per letter of Sara F. Gibson, dated November 15, addressed to Mr. Christie, and that the Board accepted her application then pending as sufficient to comply with the requirements of the pertinent law in that behalf.

As agreed by the defendants, the sole question for determination by the Court is whether a hospital is a "person" within the contemplation of Title 24, *Delaware Code*, 1953, Section 1923.

The word "person" is a generic term of comprehensive nature, embracing natural and artificial persons, such as corporations. *State ex rel. Northwestern Colonization & Improvement Co. v. Huller*, 23 N. M. 306, 168 P. 528.

In reading said Section 1923, it seems clear that it was the intention of the Legislature to license, without examination, those persons who desire to practice practical nursing in this State. We must assume, I believe, that the Legislature was cognizant of the State statute on construction above referred to, which defines "person" to include a corporation, as well as other entities.

Corporations, of necessity, act through officials and employees, and specifically in the case of hospitals, the services and ministrations are performed in large part by registered nurses, practical nurses, nurses' aides and others, who are under the supervision of a superintendent or supervisor of nurses, and by other employees having other title designations.

It is a well known and accepted fact that almost all hospitals for some time have been and now are employing persons to perform practical nursing services. The shortage of registered nurses and, to a degree existing economic conditions, make necessary the employment of persons who perform practical nursing services in hospitals.

To say that the superintendents or supervisors of nurses and others in a supervisory capacity are not fully aware of the qualities and capabilities of the nursing staff of a hospital, whether they be registered nurses or practical nurses, not only ignores the actual facts of the matter, but suggests that such supervisory employees of the hospital are actually remiss in the performance of their supervisory duties. Of necessity, in properly caring for patients in the hospital, the superintendent or the supervisor of the nurses must at all times have knowledge not only of the competency but of the actual performance of the nursing staff, in order to be certain that the required quality of nursing is present at all times.

The superintendents of nurses and other supervisory nurse personnel employed in hospitals, by the very nature of such supervisory employment, are in a much better position to com-

petently evaluate the qualities and capabilities of persons performing practical nursing services than are those who privately employ persons to render such services in their homes.

All this must have been known by the Legislature at the time of the enactment of said Section 1923, and I am unable to find anything in the language expressed in said Section which would force one to the conclusion that the Legislature intended to exclude from the provisions of this act those who were performing practical nursing services in hospitals.

I believe it to be the spirit and the purpose of the act that all persons who had been performing practical nursing services and who were eligible under the provisions of the act, could apply for licensure under the act, irrespective of whether the practical nursing services had been rendered for individual persons or for artificial persons, such as hospitals.

Statutory use of the word "persons" to include corporations is so general that to hold corporations are not included requires clear proof of legislative intent to exclude them. *Central Amusement Company v. District of Columbia, D. C. Mun. App.,* 121 *A.* 2d 865.

Under statute providing that depositions of a person may be taken before a trial if special circumstances render it proper, a hospital would be a "person". *In re Ericson's Will,* 200 *Misc.* 1005, 104 *N. Y. S.* 2d 507, 510. The Court had this to say:

"In any event, the Southhampton Hospital Association is an artificial person of an eleemosynary character into which the State has breathed the breath of life, so that it would not make sense in the administration of justice to be able to examine a 'real person', only at the next turn in the road to run into a wall that could conceal the truth solely because the witness to be examined happened to be an 'artificial person',—that is, a corporation."

The logic above expressed in the *Ericson Will* case is quite applicable to the circumstances of the instant case.

A college has also been held to be a "person". *In re Fulham's Estate*, 96 *Vt.* 308, 119 *A.* 433, 437, wherein the Court said "It is a familiar and well-settled rule of construction that the true meaning of the Legislature is to be ascertained, not from the literal sense of the words used, but from a consideration of the whole and every part of the statute, the subject-matter, the effect and consequences, and the reason and spirit of the law."

Bearing in mind the context of said Section 1923, and in view of all the circumstances surrounding the matter for decision, it is the conclusion of this Court that it would not be within the reason and spirit of said act to exclude from the provisions thereof those persons who had been performing practical nursing services in hospitals.

It is, therefore, the decision of this Court that a hospital is a "person" within the purview of the statute in question.

Motion for summary judgment is granted, and from this holding it necessarily follows that the writ of mandamus will issue.

Order will be entered on motion.