[Civ. No. 36715. Second Dist., Div. Four. Feb. 22, 1971.]

THE PEOPLE, Plaintiff and Appellant, v.
HACKER EMPORIUM, INC., Defendant and Respondent.

## COUNSEL

Thomas C. Lynch and Evelle J. Younger, Attorneys General, Herschel T. Elkins, Herbert Davis and Andrea Sheridan Ordin, Deputy Attorneys General, for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

## OPINION

IRWIN, J.*—Appellant, People of the State of California, brought this action against the respondent, Hacker Emporium, Inc., a corporation, and certain of its officers and employees for injunction, civil penalties and other relief for numerous counts of false advertising in violation of section 17500 of the Business and Professions Code. The only relief sought against the respondent corporation was for civil penalties not to exceed $2,500 for each violation as prescribed in section 17536 of the Business and Professions Code. The lower court granted respondent's motion and struck the prayer of the complaint relating only to the relief sought against respondent corporation. Thereafter the action as to respondent was dismissed by appropriate order and this appeal followed. The action for injunction and penalties against all other parties defendant is still pending.

The precise question for us to determine is whether the term "person" as used in Business and Professions Code section 17536 includes a corporation, such as respondent, within its meaning. As pertinent here, the section provides: "Any person who violates any provision of this chapter . . . shall be liable for a civil penalty not to exceed two thousand five hundred dollars ($2,500) for each violation, which shall be assessed and recovered in a civil action brought in the name of the people of the State of California by the Attorney General . . . ."

■ No brief has been filed by respondent as contemplated by rule 17(b) of the California Rules of Court and, as a consequence, we are permitted to assume that (1) the facts as stated in appellant's brief are true, (2) respondent has abandoned any attempt to support the judgment, and (3) the

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

ground urged by appellant for reversing the judgment is meritorious. (*Postin* v. *Griggs* (1944) 66 Cal.App.2d 147 [151 P.2d 887].) ■ However, we have carefully examined the record and reviewed the authorities together with the historic background of the legislation involved and conclude that the word "person" as used in Business and Professions Code section 17536 includes artificial persons as corporations, as well as natural persons, within its meaning.[1]

The reasoning of the trial court is set forth in its minute order as follows: "The court holds that 'person' does not include corporation under Article 2, Chapter 1, Paragraph 3, Div. 7 of the Business and Professions Code, and particularly as to section 17536 because other sections in this article —17530, 17531, 17531.5, 17533.5, 17533.7, 17534 and 17535 expressly enumerate 'person, firm, corporation . . .' when refer[r]ing to a corporation. Section 17536, in question here, refers only to 'person'." This result may be reached by applying the maxim *expressio unius est exclusio alterius,* which means the expression of one excludes the other. (45 Cal. Jur.2d, Statutes, § 133, p. 639.) Thus, it may be argued that, as the trial court held, since the statute provides "any person . . . shall be liable for a civil penalty . . ." the Legislature impliedly excluded corporations from the effect of the enactment.

■ Like other rules of construction, the maxim *expressio unius est exclusio alterius* gives way where it would operate contrary to the legislative intent to which it is subordinate or where its application would nullify the essence of the statute.[2] (*Dickey* v. *Raisin Proration Zone No. 1* (1944) 24 Cal.2d 796 [151 P.2d 505, 157 A.L.R. 324]; *Sobey* v. *Molony* (1940) 40 Cal.App.2d 381 [104 P.2d 868].) Likewise the rule is inapplicable where no reason exists why persons or things other than those enumerated should not be included, and manifest injustice would follow by not including them. (*Blevins* v. *Mullally* (1913) 22 Cal.App. 519 [135 P. 307].) ■ That is the situation, we believe, in the case at bar. The rule as expressed in the maxim also fails if such interpretation leads to absurd and undesirable consequences.

■ "In construing a statute it must be remembered that no law is to be construed in such a manner as to result in a palpable absurdity. (*People*

---

[1] Following judgment in the lower court Business and Professions Code, division 7, part 3, chapter 1, article 1 was amended, by adding a new section:
"§ 17506. As used in this chapter, 'person' includes any individual, partnership, firm, association, or corporation. (Added by Stats. 1970, ch. 664, p. 1293, § 1.)" Thus, the current problem prospectively has been eliminated.

[2] A classification which arbitrarily favors a corporation against an individual is invalid under the federal Constitution. (*Frost* v. *Corporation Commission* (1929) 278 U.S. 515 [73 L.Ed. 483, 49 S.Ct. 235].)

v. *Craycroft*, 111 Cal. 544 [44 P. 463].)" (*People* v. *Black* (1941) 45 Cal. App.2d 87, 94 [113 P.2d 746].) "It is fundamental that the objective sought to be achieved by a statute as well as the evil to be prevented is of prime consideration in its interpretation, and where a word of common usage has more than one meaning, the one which will best attain the purposes of the statute should be adopted, even though the ordinary meaning of the word is thereby enlarged or restricted and especially in order to *avoid absurdity or to prevent injustice.*" (*People* v. *Asamoto* (1955) 131 Cal.App.2d 22, 29 [279 P.2d 1010]; see also *People* ex rel. *S. F. Bay etc. Com.* v. *Town of Emeryville* (1968) 69 Cal.2d 533, 543-544 [72 Cal.Rptr. 790, 446 P.2d 790].)

 Statutes are to be given a reasonable and common sense construction which will render them valid and operative rather than defeat them. (*People* v. *Davis* (1968) 68 Cal.2d 481 [67 Cal.Rptr. 547, 439 P.2d 651].) "Statutes must be given a reasonable and common sense construction in accordance with the apparent purpose and intention of the lawmakers— one that is practical rather than technical, and that will lead to wise policy rather than to mischief or absurdity." (45 Cal.Jur.2d, Statutes, § 116, pp. 625-626; *Buchwald* v. *Superior Court* (1967) 254 Cal.App.2d 347, 354-355 [62 Cal.Rptr. 364].) "Words used in a statute 'must be construed in context, keeping in mind the nature and obvious purpose of the statute. . . .' (*Johnstone* v. *Richardson* (1951) 103 Cal.App.2d 41, 46 [229 P.2d 9].)" (*People* v. *Superior Court* (1969) 70 Cal.2d 123, 133 [74 Cal.Rptr. 294, 449 P.2d 230].) "Taking into consideration the policies and purposes of the act, the applicable rule of statutory construction is that the purpose sought to be achieved and evils to be eliminated have an important place in ascertaining the legislative intent. [Citation.] Statutes should be interpreted to promote rather than defeat the legislative purpose and policy. [Citation.] '[I]n the interpretation of statutes, when two constructions appear possible, this court follows the rule of favoring that which leads to the more reasonable result.' (*Metropolitan Water Dist.* v. *Adams,* 32 Cal.2d 620, 630 [197 P.2d 543].) And, 'That construction of a statute should be avoided which affords an opportunity to evade the act, and that construction is favored which would defeat subterfuges, expediencies, or evasions employed to continue the mischief sought to be remedied by the statute, or to defeat compliance with its terms, or any attempt to accomplish by indirection what the statute forbids.' (50 Am.Jur., Statutes, § 361; see *In re Reineger,* 184 Cal. 97 [193 P. 81].)" (*Freedland* v. *Greco* (1955) 45 Cal.2d 462, 467-468 [289 P.2d 463].)

 In the enactment of the various divisions, parts and chapters of the Business and Professions Code, the Legislature defined the word "*person*" specifically to include firms and corporations as well as, in many

instances, associations, partnerships, etc. The term *"person"* is not defined in division 7, part 3, chapter 1, the provisions of which encompass the violations for which civil penalties are prescribed by section 17536. However, when the subject matter herein involved was first enacted in 1941, the definition was not called for because the terms "person, firm, corporation, etc." were spelled out in the regulatory provisions. For example, under this chapter of the code "any person, firm or corporation, etc." may be enjoined (§ 17535) or be guilty of a misdemeanor (§ 17534).

Section 17536 of the Business and Professions Code was enacted in 1965, undoubtedly to implement the enforcement of the ban placed upon the use of false and misleading advertising, as proscribed by section 17500 and related sections ". . . because the injunction and misdemeanor provisions of the old law [sections 17534 and 17535] were not adequate to stop false advertising rackets. . . . The guilty party keeps his gains and is merely ordered not to defraud people in the same way again. Criminal prosecutions are seldom undertaken because juries tend to be reluctant to apply criminal sanctions to white-collar crimes because it is difficult for *outsiders to fix responsibility in the modern corporate structure.*" (Italics added.) (CEB, Review of Legislation, p. 21 (1965).)

In order to carry out the legislative intent and purpose of the act, we are impelled to define the term "person" to include "corporation," to sustain the validity of the statute, to preserve its constitutionality and to avoid absurdity and injustice. It is inconceivable that the Legislature would prescribe civil penalties only against individuals as natural persons and not against entities such as corporations for the fraudulent acts proscribed by the code. The Attorney General correctly argues "It is quite plain that the Legislature would not enact a stronger, more adequate remedy to eliminate the evils of false and misleading representations and at the same time eliminate from the ambit of the statute that type of entity which is generally involved in retail sales and advertising. Such an interpretation would completely defeat the clear objective of the statute." It is absurd to argue that the Legislature only intended to penalize natural persons with monetary liability and exempt employer corporations which become the beneficiaries of ill-gotten gains because of their fraudulent or misleading practices. As appellant urges "Such a construction could provide a haven for those private persons who may feel threatened because of their fraudulent or misleading practices. Presumably they would only need to incorporate and they would be exempt from the operation of this law."

Our conclusions are fortified by the fact that in California the word "person" traditionally has been interpreted as ". . . a generic term

. . . intended to include artificial as well as natural persons."[3] (*Douglass v. Pac. M.S.S. Co.* (1854) 4 Cal. 304, 306.) "It must be conceded that the word 'person' as used in our state laws, 'includes a corporation as well as a natural person.' " (*Western U. Tel. Co.* v. *Superior Court* (1911) 15 Cal. App. 679, 695 [115 P. 1091, 1100].)

Neither the federal nor state Constitutions define the term "person," but each document contains several references to the rights of persons, and it is well settled that the term "person" within the meaning of each Constitution includes corporations. (*Johnson* v. *Goodyear Mining Co.* (1899) 127 Cal. 4, 8 [59 P. 304].)

■ Finally, the appellant argues that section 17536 has been consistently interpreted by the Attorney General to apply to corporations. He says: "Since the enactment of Business and Professions Code section 17536 in 1965, the Attorney General has filed more than 140 actions alleging false advertising, all of which have sought civil penalties under 17536. In virtually every case a corporation was involved. In every case where a corporation was involved the false advertising civil penalties were sought against the corporation." ■ The court in *Chapman* v. *Division of Real Estate* (1957) 153 Cal.App.2d 421, stated on page 429 [314 P.2d 773] that: ". . . the contemporaneous administrative construction of the enactment by those charged with its enforcement and interpretation is entitled to great weight, and courts generally will not depart from such construction unless it is clearly erroneous or unauthorized." (See also *Cannon* v. *Industrial Acc. Comm.* (1959) 53 Cal.2d 17, 22 [346 P.2d 1].)

The judgment is reversed.

Kingsley, Acting P. J., and Dunn, J., concurred.

---

[3]"By its failure to use any language limiting the word 'persons,' the Legislature indicated its intention not to limit or circumscribe the scope of the act." (*Garrett Corp.* v. *State Board of Equal.* (1961) 189 Cal.App.2d 504, 509 [11 Cal.Rptr. 421].) The general rule for interpreting the word "person" in a statute or a constitutional provision is that the term may embrace a corporation whenever it is necessary to give effect to the reason and spirit of a statute. (1 Fletcher, Cyclopedia of Corporations 27.) It is also generally held and widely accepted in most jurisdictions that: ". . . [s]tatutory use of the word persons to include corporations is so general that to hold corporations are not included requires clear proof of the legislative intent to exclude them." (*Central Amusement Co.* v. *District of Columbia* (Mun. Ct. App. Dist. Col. 1956) 121 A.2d 865, 866; see *State* v. *Gibson* (1958) 51 Del. 158 [140 A.2d 774, 776]; cf. *Port Arthur Trust Company* v. *Muldrow* (1956) 155 Tex. 612 [291 S.W.2d 312, 315, 60 A.L.R.2d 913]; see also 18 Am.Jur.2d, Corporations, § 22, p. 572; 1 Fletcher, Cyclopedia of Corporations 27.)