183 Cal.App.3d 707 (1986)
228 Cal. Rptr. 402
Estate of DON E. MARON, Deceased.
SECURITY PACIFIC NATIONAL BANK, as Administrator, etc., Petitioner and Respondent,
v.
MARDER & MARDER, Objector and Appellant.
Docket No. B009310.
Court of Appeals of California, Second District, Division Seven.
July 22, 1986.
*710 COUNSEL
Marder & Marder and Muncie D. Marder, in pro. per., for Objector and Appellant.
No appearance for Petitioner and Respondent.
OPINION
LILLIE, P.J.
Objector Marder & Marder appeals from an order to pay to Security Pacific National Bank the sum of $800 pursuant to Code of Civil Procedure section 2037.6.

FACTS
Marder & Marder, attorneys at law, and Francesca Wagoner, both distributees of the estate of Don E. Maron, deceased, filed objections to account of, and motion to surcharge Security Pacific National Bank (hereinafter Bank) as administrator of the estate, for negligently managing and selling real property in the estate. Trial was set for November 29, 1983. Bank timely sent to objectors a demand to exchange lists of expert witnesses on September 20, 1983, with a date of exchange set for October 10, 1983. Objectors mistakenly believed their list of experts had been timely sent to Bank's attorneys, and only discovered Bank had not received their list on November 18, 1983. On November 21, 1983, objectors sent their list of experts to Bank and filed a motion to allow objectors to present testimony of designated expert witnesses. Bank filed opposition to the motion arguing it would be prejudiced if objectors' witnesses were allowed to testify because Bank had prepared its case in large part in reliance on the fact that there would be no expert testimony and, because of the November 29, 1983 trial date, there would be no opportunity to depose the experts. Bank's opposition also stated that if the court granted objectors' motion, the court should continue the trial, allow deposition of the experts, and award Bank its "costs and litigation expenses incurred as a result of the tardy designation of experts, the resulting motions concerning same, and the cost to reprepare for trial on the continued date" pursuant to Code of Civil Procedure section 2037.6, subdivision (a).
On November 28, 1983, the court granted objectors' motion, continued the trial, and awarded Bank "costs and litigation expenses." The order filed as a result of the ruling stated that "Such costs and litigation expenses, including attorneys' fees, if attorneys' fees are legally and factually appropriate, *711 are imposed on Francesca Wagoner and her counsel Marder and Marder jointly and severally, in favor of Security Pacific National Bank in an amount according to proof at the hearing of the contested matter."
On April 19, 1984, Bank's attorney filed a declaration itemizing 19 hours of attorney time, amounting to $2,470 in attorneys' fees, incurred as a result of the tardy designation of experts, the resulting motion therefrom, and cost of trial preparation duplicated due to the continuance. On June 4, 1984, objectors served on Bank memorandum of points and authorities in opposition to attorney's fees, arguing Code of Civil Procedure section 2037.6 does not allow the award of attorneys' fees. On July 16, 1984, after oral argument, the court allowed Bank attorneys' fees of $800 for the November 28, 1983, hearing time and the preparation for that hearing. An order re costs and litigation expenses under Code of Civil Procedure section 2037.6 was filed on July 20, 1984, ordering that Marder & Marder pay to Bank $800. (1) (See fn. 1.) It is from the July 20, 1984, order that Marder & Marder appeals.[1]

I

APPEALABILITY OF THE ORDER
(2) Appellant contends the July 20, 1984, order is appealable as a final order on a collateral matter directing payment of money, citing In re Marriage of Fuller (1985) 163 Cal. App.3d 1070, 1072, footnote 1 [210 Cal. Rptr. 73], a case not involving probate order. Code of Civil Procedure section 904.1, subdivision (j) provides that "An appeal may be taken from a superior court in the following cases: ... [¶] (j) From an order or decree made appealable by the provisions of the Probate Code." Section 1240 of the Probate Code provides that an appeal may be taken from, among other things, an order or the refusal to make an order settling an account of an executor or administrator (Prob. Code, § 1240, subd. (k)), and from an order distributing property (Prob. Code, § 1240, subd. (p)). In the instant case, the order appealed from would have been incorporated into the order of final distribution but for the request of objector to make it a separate order because objector was considering appealing the order and believed it "will make things a lot cleaner if it is separate." Further, although the award of $800 to Bank was intended to be a separate order, the parties *712 agreed that it would be offset against what the Bank would distribute to the objector under the final distribution. Because the order was, in legal effect, part of the settling of the administrator's account and order of final distribution, we would prefer form over substance were we to hold the instant order nonappealable by reason of its form alone. (See Estate of Taylor (1970) 6 Cal. App.3d 16, 19-20 [85 Cal. Rptr. 474].) We conclude the July 20, 1984, order to be appealable.

II

ATTORNEYS' FEES AS "LITIGATION EXPENSES" UNDER SECTION 2037.6, CODE OF CIVIL PROCEDURE
(3a) Appellant contends that attorneys' fees are not included in the phrase "costs and litigation expenses" as used in Code of Civil Procedure section 2037.6, subdivision (a), inasmuch as the phrase is not used or defined elsewhere in the Discovery Act. It notes that other statutes, part of the Discovery Act, such as sections 2019, subdivision (d), 2034, subdivision (a) and 2034, subdivision (d), which provide for award of expenses under certain circumstances, specifically define "reasonable expenses" as including attorneys' fees; and further, that these statutes require "some element of bad faith or willfulness ... as a basis for an award of attorney's fees." Appellant then concludes that "since § 2037 et seq. appear to be part of the Discovery Act, it is clear that attorney's fees may only be applied under the Act as sanctions for willful failure or other willful disobedience," and "[i]n the present action there was no such finding of willfulness or disobedience."
Code of Civil Procedure section 2037.6, subdivision (a), provides in pertinent part: "The court may, upon such terms as may be just (including but not limited to continuing the trial for a reasonable period of time and awarding costs and litigation expenses), permit a party to call a witness, or permit a witness called by a party to testify to an opinion or data on direct examination, during the party's case in chief where such witness, is required to be, but is not, included in such party's list of expert witnesses so long as the court finds that such party has made a good faith effort to comply with Sections 2037 through 2037.3, inclusive...."
(4) "`"The fundamental rule of statutory construction is that the court should ascertain the intention of the Legislature so as to effectuate the purpose of the law. [Citations.]" (Select Base Materials v. Board of Equalization [(1959)] 51 Cal.2d 640, 645....) [¶] While the interpretation of similar words in other statutes is not controlling, such interpretation is helpful in arriving at the legislative intent. [Citations.] ...'" (In re Baby Boy T. (1970) 9 Cal. App.3d 815, 819 [88 Cal. Rptr. 418], citing Gleason v. City *713 of Santa Monica (1962) 207 Cal. App.2d 458, 461 [24 Cal. Rptr. 656].) Under general rules of statutory construction, we may consider the judicial interpretation of similar words used in another statute dealing with analogous subject matter. (Synanon Foundation, Inc. v. County of Marin (1982) 133 Cal. App.3d 607, 610 [184 Cal. Rptr. 129].)
(3b) We have found no case interpreting the phrase "litigation expenses" in section 2037.6, subdivision (a); moreover, section 1258.290, subdivision (a), of the Code of Civil Procedure, dealing with the exchange of valuation data in eminent domain proceedings, contains substantially similar language.[2] Under the eminent domain statutes "litigation expenses" are defined as including both of the following: "(a) All expenses reasonably and necessarily incurred in the proceeding in preparing for trial, during trial, and in any subsequent judicial proceedings. [¶] (b) Reasonable attorney's fees, appraisal fees, and fees for the services of other experts where such fees were reasonably and necessarily incurred to protect the defendant's interests in the proceeding in preparing for trial, during trial, and in any subsequent judicial proceedings whether such fees were incurred for services rendered before or after the filing of the complaint." (§ 1235.140, Code Civ. Proc.)
In light of the similarity between the procedures for exchange of valuation data under eminent domain statutes and the procedures for discovery of expert witnesses in section 2037 et seq., we find the definition of "litigation expenses" under the eminent domain statutes instructive as to the meaning of the same phrase in section 2037.6. We therefore construe "litigation expenses" in section 2037.6 to include reasonable attorneys' fees. Such an interpretation is also consistent with the ordinary, common sense meaning of the phrase and with the apparent purpose for which the statute was adopted. (5) Where the principal problem of construction concerns the meaning of words in a statute, we must look first to the words themselves (People ex rel. Younger v. Superior Court (1976) 16 Cal.3d 30, 43 [127 Cal. Rptr. 122, 544 P.2d 1322]) and accord them their usual, ordinary and common sense meaning, keeping in mind the purpose for which the statute *714 was adopted. (Hamilton v. State Bd. of Education (1981) 117 Cal. App.3d 132, 141 [172 Cal. Rptr. 748].) If possible, significance should be given to every word, phrase, sentence, and part of an act in pursuance of the legislative purpose. (Palos Verdes Faculty Assn. v. Palos Verdes Peninsula Unified Sch. Dist. (1978) 21 Cal.3d 650, 659 [147 Cal. Rptr. 359, 580 P.2d 1155].) (3c) The clear purpose in allowing the court to condition the grant of relief under section 2037.6 "upon such terms as may be just" is to afford the court discretion to remedy prejudice to the opposing party. Subdivision (b) of section 2037.6 specifically states: "In making a determination under this section, the court shall take into account the extent to which the opposing party has relied upon the list of expert witnesses and will be prejudiced if the witness is called." As was the case here, a tardy designation of experts can be expected to cause the opposing party to incur attorneys' fees in connection with such tardy designation. Construing "litigation expenses" as including attorneys' fees thus gives significance to that phrase in the statute and furthers its purpose in allowing the court to remedy prejudice to the opposing party.
We also reject appellant's contention that an award of attorneys' fees under section 2037.6 requires a finding of bad faith or willfulness, as no such language appears in the statute. (6) In construing a statute, a court is not authorized to insert qualifying provisions not included and may not rewrite the statute to conform to an assumed intention which does not appear from its language. (McLaughlin v. Superior Court (1983) 140 Cal. App.3d 473, 482 [189 Cal. Rptr. 479].) (3d) The court here properly awarded Bank attorneys' fees under section 2037.6, subdivision (a).

III

NO VIOLATION OF OBJECTOR'S DUE PROCESS RIGHTS
(7) Appellant asserts that the opposition papers filed by the Bank gave no warning in the caption or in the first paragraph that Bank was seeking costs and litigation expenses. Further, while the body of the opposition did request costs and litigation expenses, no specific request was made for attorneys' fees.
The record clearly establishes that appellant's due process rights were not violated in these proceedings as appellant had ample notice of and opportunity to contest Bank's request for attorneys' fees. (See, e.g., Ellis v. Roshei Corp. (1983) 143 Cal. App.3d 642, 647-648 [192 Cal. Rptr. 57].) At the hearing of objectors' motion on November 28, 1983, Bank's attorney specifically asked for $3,000 for the attorney time spent in preparing the case for the November 29, 1983, trial date "because we are going to be *715 continued again, if that's the case." Objectors' counsel argued to the court, "I think that the trial judge is in a better position to determine what the actual costs are than they are at this point. We have had no opportunity to oppose this kind of sanction or whatever costs. There has been no basis for computation set out. We have basically a lack of due process if costs are awarded at this point." At that time, the court did not determine whether attorneys' fees are recoverable as costs and litigation expenses under Code of Civil Procedure, section 2037.6, nor did it award a specific sum, but ordered that the propriety of attorneys' fees and the amount thereof be determined according to proof at the hearing of the contested matter. Thereafter, on April 19, 1984, Bank filed and served on objectors a declaration itemizing the attorneys' fees it claimed. On June 4, 1984, objectors served on Bank a memorandum of points and authorities in opposition to attorneys' fees, setting out legal arguments why the court should deny Bank attorneys' fees. The matter was extensively orally argued on July 16, 1984. Under these circumstances, objector had adequate notice of and opportunity to oppose the request for attorneys' fees.
(8) Appellant's contention that notice was defective because of the lack of notice to Marder & Marder that they could be charged with attorneys' fees as counsel for objector Francesca Wagoner is also without merit. While Marder & Marder represented Wagoner below, Marder & Marder also appeared as an objector on its own behalf as one of the distributees under the decree of distribution. As the Bank's request was clearly directed to "objectors," including Marder & Marder, appellant had adequate notice that such fees were being sought against it.

DISPOSITION
The order is affirmed.
Thompson, J., and Johnson, J., concurred.
NOTES
[1] Respondent has not filed a reply brief. In a letter to the clerk and to appellant, respondent's attorney stated that Bank, solely on the basis of the economics of the amount in dispute, does not intend to file reply brief or to make oral argument on the within appeal. The standard of review when no respondent's brief has been filed on appeal is to examine the record on the basis of appellant's brief and to reverse only if prejudicial error is found. (Warford v. Medeiros (1984) 160 Cal. App.3d 1035, 1041-1042 [207 Cal. Rptr. 94].)
[2] Code of Civil Procedure section 1258.290, subdivision (a), provides in pertinent part: "The court may, upon such terms as may be just (including but not limited to continuing the trial for a reasonable period of time and awarding costs and litigation expenses), permit a party to call a witness, or permit a witness called by a party to testify to an opinion or data on direct examination, during the party's case in chief where such witness, opinion, or data is required to be, but is not, included in such party's list of expert witnesses or statements of valuation data if the court finds that such party has made a good faith effort to comply with Section 1258.210 to 1258.260, inclusive...." Compare also section 2037 with section 1258.210; section 2037.1 with section 1258.220; section 2037.2 with section 1258.230; section 2037.3 with section 1258.240; section 2037.4 with section 1258.270; section 2037.5 with section 1258.280 of the Code of Civil Procedure.