[No. B025058. Second Dist., Div. Four. May 6, 1988.]

KOREA EXCHANGE BANK, Plaintiff and Appellant, v.
MYUNG HUI YANG, Defendant and Respondent.

COUNSEL

Tuttle & Taylor, Mark A. Borenstein, Pamela G. Bothwell and Y. Peter Kim for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

OPINION

McCLOSKY, Acting P. J.—Appellant Korea Exchange Bank appeals from the denial of its motion for a deficiency judgment against respondent Myung Hui Yang, also known as Helena Myunghui Yang, following judgment of foreclosure by default. The denial of a deficiency judgment is appealable. (See *Ewing* v. *Richvale Land Co.* (1917) 176 Cal. 152, 155 [167 P. 876].) Appellant contends that "substituted service of a summons and complaint in a foreclosure action is sufficient to secure a deficiency judgment for personal liability." We reverse.

Respondent has not filed an appellate brief. Judgment was entered against respondent by default. Notice pursuant to rule 17(b), California Rules of Court, was sent to respondent's last known address (see Cal. Rules of Court, rule 1), but was returned "undeliverable as addressed, forwarding order expired." Under the circumstances, we do not assume that "the ground urged by appellant for reversing the judgment is meritorious" (*People* v. *Hacker Emporium, Inc.* (1971) 15 Cal.App.3d 474, 476-477 [93 Cal.Rptr. 132]), but rather we "examine the record on the basis of appellant's brief and . . . reverse only if prejudicial error is found. [Citation.]" (*Estate of Maron* (1986) 183 Cal.App.3d 707, 711, fn. 1 [228 Cal.Rptr. 402].) This court is nevertheless under no duty to seek out points of law in support of the judgment. (*American Motorists Ins. Co.* v. *Carver* (1969) 275 Cal.App.2d 793, 794 [80 Cal.Rptr. 332].)

Respondent guaranteed her husband's business debt to appellant, a portion of which was also secured by a deed of trust encumbering their resi-

dence. They failed to repay the money lent, and appellant filed the present suit seeking damages from both respondent and her husband and judicial foreclosure. Mr. Yang was personally served with a copy of the summons and complaint. Respondent was served by substituted service pursuant to section 415.20, subdivision (b) of the Code of Civil Procedure.

Appellant obtained a default judgment against respondent and Mr. Yang. The judgment assessed money damages against respondent and Mr. Yang with regard to the unsecured portion of the debt, directed that their residence be sold in satisfaction of the secured debt, and named respondent and Mr. Yang as defendants against whom a deficiency judgment might be ordered following proceedings pursuant to section 726 of the Code of Civil Procedure. The property was sold for an amount less than the full amount owing on account of the secured debt.

Appellant then made a motion for a deficiency judgment pursuant to section 726 of the Code of Civil Procedure in the amount of the difference between the fair market value of the property and the amount owed. Notice of that motion was mailed to respondent and Mr. Yang at the residence previously sold by the sheriff. At the September 22, 1986, hearing, the court stated that respondent and Mr. Yang should be personally served with notice of the deficiency judgment proceeding. It continued the hearing for 30 days, to give appellant an opportunity to serve respondent and Mr. Yang. The record does not disclose whether or not the Yangs were subsequently personally served. On October 20, 1986, the court granted the motion with regard to Mr. Yang and denied the motion with regard to respondent because "she was initially served only by substituted service."

■ Substituted service by "leaving a copy of the summons and of the complaint at [the] person's . . . usual place of abode, . . . in the presence of a competent member of the household . . . at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint" pursuant to section 415.20, subdivision (b), of the Code of Civil Procedure satisfies the constitutional requirements of service " 'reasonably calculated to give an interested party actual notice of the proceedings and an opportunity to be heard . . . .' [Citations.]" (*Zirbes* v. *Stratton* (1986) 187 Cal.App.3d 1407, 1416 [232 Cal.Rptr. 653]; see Rest.2d Judgments, § 2, com. a.)

■ A deficiency judgment in a foreclosure action may properly be entered against a person who was served with summons and complaint by that method. Cases barring a deficiency judgment against a person served by publication (see *Latta* v. *Tutton* (1898) 122 Cal. 279, 282 [54 P. 844]; *In re Linforth* (N.D.Cal. 1898) 87 F. 386, 388-389) are distinguishable in that

service by publication is substantially less likely to give actual notice. The trial court therefore erred in denying appellant's motion for a deficiency judgment on the ground that respondent was originally served by substituted service.

■ Code of Civil Procedure section 726, subdivision (b), requires that notice of an application for a deficiency judgment be given "all defendants who have appeared in the action and against whom a deficiency judgment is sought . . . ." Since respondent did not appear in the action, Code of Civil Procedure section 726 did not require notice to her. Section 1010 of the Code of Civil Procedure provides that "[n]o bill of exceptions, notice of appeal, or other notice or paper, other than amendments to the pleadings, or an amended pleading, need be served upon any party whose default has been duly entered or who has not appeared in the action or proceeding." Appellant was not required to give notice of its application for a deficiency judgment pursuant to Code of Civil Procedure section 1010. The complaint requests an adjudication that a deficiency judgment may be ordered. It therefore reasonably put respondent on notice of the possibility that a deficiency judgment would be entered against her so that no "amendments to the pleadings" were involved. Personal service of the application for a deficiency judgment was not required.

The denial of appellant's motion for a deficiency judgment against respondent is reversed. Appellant to recover costs on appeal.

Goertzen, J., and Rothman, J.,* concurred.

---

* Assigned by the Chairperson of the Judicial Council.