[Nos. C055057, C055128. Third Dist. Nov. 25, 2008.]

THE PEOPLE, Plaintiff and Respondent, v.
KANWALJIT HUNDAL, Defendant and Appellant.

THE PEOPLE, Plaintiff, v.
KANWALJIT HUNDAL, Defendant;
CLAIRE VAN VUREN, as Deputy District Attorney, etc., Objector and
Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\*Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of part I.

**COUNSEL**

Kyle R. Knapp; and Peter A. Galgani for Defendant and Appellant.

James P. Willet, District Attorney, Edward J. Busuttil, Assistant District Attorney, Daniel G. Bonnet and Kevin A. Hicks, Deputy District Attorneys, for Objector and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, J. Robert Jibson and Peter H. Smith, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BUTZ, J.**—Defendant Kanwaljit Hundal was found guilty by a jury of six counts of committing lewd acts on his daughter, M., when she was 10 years old. (Pen. Code, § 288, subd. (a).) He was sentenced to a total of six years in state prison.

Defendant appeals, contending the trial court erred in excluding certain evidence and in denying his motion for a continuance. He also raises ineffective assistance of counsel. In the unpublished portion of the opinion, we shall affirm the judgment against defendant (see pt. I., *post*).

In a consolidated matter, Deputy District Attorney Claire Van Vuren appeals from a $50 sanction imposed on her by the trial court pursuant to Code of Civil Procedure section 177.5.[1] In the published portion of the opinion, we shall reverse the judgment against Attorney Van Vuren by striking the fine (see pt. II., *post*).

## I.

### DEFENDANT'S APPEAL*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## II.

### VAN VUREN'S APPEAL

*Facts*

On the morning of December 5, 2006, in the middle of jury selection, Attorney Walia failed to appear for court and Cocounsel Lowenstein showed up late, at 9:30 a.m. While waiting for defense counsel to appear, Deputy

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

*See footnote, *ante*, page 965.

District Attorney Van Vuren handed the court clerk a document indicating that, in 2004, Attorney Lowenstein had received a suspension from the California State Bar.

When court convened in chambers, Trial Judge Terrence Van Oss stated that he had received Attorney Van Vuren's note but assured Attorney Lowenstein that it made no difference to him, since Lowenstein was currently eligible to practice law. Lowenstein explained that he had, in fact, received a 90-day suspension, but that his record was now clear and he was fully licensed to practice. Judge Van Oss replied that he was not angry with Lowenstein, but was very upset with Attorney Van Vuren for engaging in an ex parte communication with the court. Van Vuren stated she was concerned about the defense's attorneys not appearing for trial and thought the court "should probably be aware that in the past there has been problems [sic] with this particular thing. I simply disclosed it for information."

Remarking that "[t]his has nothing to do with [Attorney Lowenstein] ever being late to court before," Judge Van Oss was not placated, calling the prosecutor's action "totally improper." The judge continued: "I think this is dirty pool. I really do. [¶] . . . [I]t should not be presented to the judge without [Attorney] Lowenstein's advance knowledge. You should never do something like that. I don't know what to do about this. I am going to think about it. I wanted to make a record about it. I wanted to make it crystal clear for whatever message I can send to your office." Judge Van Oss then admonished Attorney Van Vuren, "Don't ever do something like this again. It is just totally improper. [¶] If you ever feel there is some burning, compelling reason to check up on your opposing counsel here and notify the court, you let opposing counsel know first. Don't ever give anything to a judge without doing that."

Later that afternoon, Attorney Walia appeared and explained that she had been delayed by a family emergency. The court reprimanded Walia because she had failed to contact Attorney Lowenstein or the court clerk and had kept everyone in the courtroom waiting. Finding that she had inexcusably failed to appear and failed to notify the court, the judge fined Walia $250 pursuant to section 177.5.

Judge Van Oss then turned to Attorney Van Vuren and again admonished her for having engaged in ex parte communication with the court. He concluded, "It appears to me it was solely for the purpose of giving the Court a negative. I will find that a direct contempt before the Court, and I am fining you $50 pursuant to the same [Code of Civil Procedure] section. Fifty dollars ($50) payable to the court. I don't want any more shenanigans."

## DISCUSSION—VAN VUREN

### A. Procedural Issues

Deputy District Attorney Van Vuren appeals from the imposition of the $50 fine for engaging in ex parte communication with the court. The appeal is authorized by section 904.1, which permits an appeal from a final order imposing a sanction of less than $5,000. (§ 904.1, subd. (b); *People v. Muhammad* (2003) 108 Cal.App.4th 313, 319 [133 Cal.Rptr.2d 308] (*Muhammad*).)

As noted in *Muhammad*, although Attorney Van Vuren has proper standing as an aggrieved appellant, the trial court "is not and cannot be a party in a direct appeal from a case it has tried." (*Muhammad, supra,* 108 Cal.App.4th at p. 320.) A brief filed by the trial court may nevertheless be treated as a brief amicus curiae. (*Ibid.*) Although a copy of Van Vuren's opening brief was served upon it pursuant to the California Rules of Court,[5] the San Joaquin Superior Court has not filed a response to this appeal. Nevertheless, "we do not assume that 'the ground urged by appellant for reversing the judgment is meritorious' (*People v. Hacker Emporium, Inc.* (1971) 15 Cal.App.3d 474, 476–477 [93 Cal.Rptr. 132]), but rather we 'examine the record on the basis of appellant's brief and . . . reverse only if prejudicial error is found.' " (*Korea Exchange Bank v. Yang* (1988) 200 Cal.App.3d 1471, 1473 [246 Cal.Rptr. 619], quoting *Estate of Maron* (1986) 183 Cal.App.3d 707, 711, fn. 1 [228 Cal.Rptr. 402].)

### B. The Fine Must Be Stricken

■ The trial court fined Attorney Van Vuren under the auspices of section 177.5. This section empowers a judicial officer to impose monetary sanctions payable to the county "for any violation of a lawful court order by a [witness, a party, or a party's attorney], done without good cause or substantial justification." (§ 177.5, 1st par.) Such sanctions may be imposed "on the court's own motion, after notice and opportunity to be heard." (§ 177.5, 2d par.) The order imposing sanctions must be in writing and must set forth in detail "the conduct or circumstances justifying the order." (*Ibid.*)

As Attorney Van Vuren points out, the monetary sanction is defective in at least three respects.

First, the fine was not imposed for violation of a court order. Attorney Van Vuren's transgression was providing the court with a copy of opposing

---

[5] California Rules of Court, rule 8.360(d)(4) provides: "A copy of each brief must be served on the superior court clerk for delivery to the trial judge."

counsel's disciplinary record without first providing a copy to him. While this conduct might be considered a technical violation of the State Bar's ethical rules (see Rules Prof. Conduct, rule 5-300(B)(4); 2 Vapnek et al., Cal. Practice Guide: Professional Responsibility (The Rutter Group 2007) ¶ 8:434, pp. 8-68 to 8-69), under no stretch of the imagination can it be said to constitute a "violation of a lawful court order" (§ 177.5). This is not a situation where Judge Van Oss had previously warned Van Vuren against ex parte communication. (See *Seykora v. Superior Court* (1991) 232 Cal.App.3d 1075, 1081 [283 Cal.Rptr. 857] (*Seykora*).) In the absence of evidence that she violated an existing court order, the court lacked authority to sanction Van Vuren under section 177.5. (*Muhammad, supra,* 108 Cal.App.4th at pp. 324–325.)

Second, the trial court failed to provide Attorney Van Vuren with a written statement of reasons for the sanction. Section 177.5 provides: "An order imposing sanctions *shall be in writing and shall recite in detail the conduct or circumstances justifying the order.*" (§ 177.5, 2d par., italics added.) In this case, Judge Van Oss imposed the sanction summarily and orally from the bench.

Third, the trial court did not afford Attorney Van Vuren the requisite procedural due process protections. Section 177.5 allows the court to impose the sanction on the court's own motion, but only "*after notice and opportunity to be heard.*" (§ 177.5, 2d par., italics added.)

During the trial court's initial reprimand, it did not inform Attorney Van Vuren that it was considering sanctions. The court merely told her, "I don't know what to do about this. I am going to think about it." The sanctions order against Van Vuren came later that afternoon, and as an apparent afterthought, following the imposition of a $250 sanction against Defense Counsel Walia.

■ "Due process, as well as the statute itself, requires that a person against whom Code of Civil Procedure section 177.5 sanctions may be imposed be given adequate notice that such sanctions are being considered, notice as to what act or omission of the individual is the basis for the proposed sanctions, and an objective hearing at which the person is permitted to address the lawfulness of the order, the existence of the violation, and the absence of good cause or substantial justification for the violation." (*Seykora, supra,* 232 Cal.App.3d at p. 1088 (dis. opn. of Grignon, J.).) ■ Because it did not accord Attorney Van Vuren adequate notice or a hearing prior to imposing the sanction, the court exceeded its statutory authority.

## DISPOSITION

The judgment against defendant is affirmed (C055057). The judgment against Attorney Van Vuren is reversed (striking the order imposing a $50 sanction) (C055128). No costs are awarded. (Cal. Rules of Court, rule 8.278(a)(5).)

Sims, Acting P. J., and Robie, J., concurred.

The petition of appellant Kanwaljit Hundal for review by the Supreme Court was denied March 11, 2009, S169533.